[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS COMPLAINT
This case arises out of injuries which the plaintiff sustained when he fell on a patch of ice on a pedestrian walkway leading to a parking area on the property of the defendant condominium association. The plaintiff was a resident tenant in the condominium. The defendants are the condominium association as owner of the property where the fall occurred, the defendant Jack Hyatt, d/b/a B J Snow Plowing, which is alleged to be responsible for ice and snow removal from the pedestrian walkways and the main parking lot, and Milford Asphalt Paving, Inc. [Milford], which apparently paved the parking lot. The third count of the complaint claims that Milford failed to establish adequate drainage along the pedestrian walkways at the edge of the lot and failed to warn prospective users of the walkways of potentially dangerous icing conditions on them.
Milford filed a cross complaint against Hyatt claiming the right to indemnification from Hyatt of any judgment which the plaintiff may obtain against Milford. In response Hyatt filed a motion to strike Milford's cross complaint on the ground that it fails to state a cause of action because CT Page 3005 Milford has not alleged any independent legal relationship between it and Hyatt that allows Milford to obtain indemnification from Hyatt as a joint tortfeasor. A motion to strike can be used to challenge the legal sufficiency of a pleading. Section 152 Connecticut Practice Book. A motion to strike admits all facts well pleaded. Mingachos v. CBS, Inc., 196 Conn. 91, 108. The facts alleged in the pleading must be construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36. If the facts provable under its allegations would support a defense or a cause of action the motion to strike must fail. Mingachos v. CBS, Inc., supra, 109. However, a motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Id., 108; Blancato v. Feldspar Corporation, supra, 37.
Hyatt claims that Milford's cross complaint does not state a valid cause of action because there is no independent legal relationship between them, and that none is alleged in the cross complaint, relying upon Atkinson v. Berloni,23 Conn. App. 325, 328.
A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary. Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573; Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,415. This is an exception to the general rule that there is no right of indemnity among joint tortfeasors. Ferryman v. Groton, 212 Conn. 138, 142, 143. In order to establish that another party was primarily negligent and thus liable to indemnify a secondarily negligent tortfeasor, the following elements must be proved: (1) the other party must have been negligent; (2) the other party's negligence rather than the indemnitee's was the direct and immediate cause of injury; (3) the other party had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could not reasonably have relied on the other party to act without negligence. Weintraub v. Richard Dahn, Inc., supra, 573; Berkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74.
Extensive discussion of the cross complaint is unnecessary, but it alleges facts which, if proven, meet these requirements. Atkinson v. Berloni, supra, 328, creates an additional or fifth requirement for indemnification from a joint tortfeasor, namely that "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id. It is claimed that this independent CT Page 3006 legal relationship does not exist in this case between Hyatt and Milford, or in any event that it is not pleaded in the cross complaint. This apparent new element in the Atkinson case has not been confirmed by the Supreme Court, but it is binding on this Court and there is no sound reason not to follow it. In Atkinson a motion to strike was granted even though the cross complaint there alleged in a conclusory fashion each of the essential elements of an indemnification action because it did not disclose either a preexisting relationship between the plaintiff and the defendant in the cross complaint, or an independent duty owed by the third party defendant to the third party plaintiff, other than the general duty of an individual to behave as a reasonable person. Id., 328, 329. In reaching its conclusion that there must be a showing of a duty based upon an independent legal relationship in order to obtain indemnification, the court discussed several other cases on the subject of indemnification, and indicated that it found none allowing a claim for indemnification in the absence of such a duty or relationship. Id., 328. This includes Malerba v. Cessna Aircraft Co., 210 Conn. 189, where there was a contractual relationship between the owner and manufacturer of an airplane. The Malerba case, relied upon here by Milford in opposing the motion to strike, is distinguishable.
The allegations of the cross complaint do not allege any preexisting relationship between Hyatt and Milford or any independent duty owed by Hyatt to Milford. There is no apparent connection between them, as Milford had paved the parking lot but had no remaining connection with it on the date of the plaintiff's injury, while Hyatt was apparently hired by the condominium association to keep ice and snow off of the pedestrian walkway where the plaintiff was injured.
Since the cross complaint does not disclose any independent legal relationship between the parties indicating a clearly identifiable legal duty owed by Hyatt to Milford, it does not state a cause of action. The motion to strike the cross complaint is granted.
ROBERT A. FULLER, JUDGE