[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE AMENDED CROSS-COMPLAINT
Sara Lou Richards sues three defendants for injuries she allegedly received while entering an elevator in the Hampshire House Associates Condominium that was allegedly not properly aligned with the lobby floor. One of the three defendants, Montgomery Elevator Company [Montgomery], the elevator service company, cross-claimed against the two other defendants, Hampshire House Associates, the condominium management association, and Wilder Manley Associates, the owner of the building [collectively "Hampshire House defendants"]. The cross-complaint incorporates the plaintiff's allegations of negligence against the Hampshire House defendants and additionally alleges that they failed to notify Montgomery of any problem with the elevator. The cross-complaint also alleges that the Hampshire House defendants were in exclusive control of the elevator when the plaintiff was injured and that if they are found negligent, Montgomery had no reason to CT Page 5236 anticipate it, did not know it, and could reasonably rely on them not to be negligent. Montgomery further alleges that the plaintiff's injuries were not directly or immediately caused by it.
Montgomery further alleges that the Hampshire House defendants were parties to an elevator maintenance contract which allocates to them the responsibility for performing certain repair functions.
On March 15, 1991, the court, Koletsky, J., granted a motion to strike a prior cross-complaint because it failed to allege facts showing an independent legal relationship between Montgomery and the Hampshire House defendants. Montgomery then filed an amended cross-complaint.
The Hampshire House defendants move to strike the amended cross-complaint dated March 22, 1991, on the ground that it fails to allege facts to state a legally sufficient cause of action. Montgomery opposes the motion, and both parties have filed memoranda in support of their positions.
A party may contest in the motion to strike "the legal sufficiency of the allegations of any . . . cross-claim . . . to state a claim upon which relief can be granted." Conn. Practice Book 152(1). "[I]f facts provable under the allegations would support a . . . cause of action, the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
To state a claim for indemnification grounded in tort, the party seeking it must allege:
 "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the [cross-claimant's] was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the [cross-claimant]; and (4) that the [cross-claimant] had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Binkert [Burkert] v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990). Additionally, the cross-claimant must allege that "the alleged indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni, 23 Conn. App. 325,3428 (1990).
The Hampshire House defendants argue that Montgomery has not alleged facts to establish the third prong of the four-part test nor the independent legal relationship requirement. CT Page 5237
However, "in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff." Rowe v. Godou, 209 Conn. 273,278 (1988). For this purpose, the court finds that Montgomery has alleged sufficient facts to state the elements of the four-prong test. The legal relationship element needs further analysis.
To establish the independent legal relationship, Montgomery attaches an elevator maintenance contract to its cross-complaint and alleges that Montgomery assumed the duties of General Elevator, which is a party to the contract, and that the Hampshire House defendants assumed the duties of equity Management, the other party to the contract. Montgomery argues that this contract establishes the independent legal relationship required by Atkinson.
In support of its holding, Atkinson cites several cases alleging common law indemnification where a contractual relationship between the parties existed. See id. at 328.
While it could be argued that the cases cited in Atkinson do not support the new requirement for an independent legal relationship, the holding of Atkinson is clear and this court must follow it. For purposes of a motion to strike, the contract attached to the cross-complaint establishes an independent legal relationship between Montgomery and Hampshire House defendants.
The Motion to Strike is de denied.
KOLETSKY, J.