[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS-CLAIM #116
This is an action arising from a three car accident at the intersection of Franklin Avenue and Brown Street in Hartford, Connecticut. The following facts are alleged in the plaintiff's complaint. On July 1, 1589, Steve Lettieri was driving an automobile owned by the plaintiff Joseph S. Bascetta, south on Franklin Avenue near the Brown Street intersection. Because the traffic signal at the intersection was not operating, Lettieri came to a stop at the intersection. At the same time, the defendant Brendon P. Droney was driving the automobile owned by the defendant James Droney west on Brown Street towards the intersection with Franklin Avenue while the defendant Gilberto Arcila was driving his automobile north on Franklin Avenue towards its intersection with Brown Street. In his complaint, the plaintiff alleges that Brendon Droney failed to stop at the intersection and collided with Arcila, who had also failed to stop at the intersection. This collision then caused Arcila's automobile to collide with the plaintiff's vehicle, thereby resulting in damages to the plaintiff's property.
The plaintiff filed his complaint on June 17, 1991 alleging in two counts (1) damages caused by the negligence and carelessness of the defendants Brendon and James Droney, and (2) damages resulting from the negligence and carelessness of the defendant Arcila. The defendants Brendon and James Droney, and answered the first count of plaintiff's complaint on September 3, 1991. The defendant Arcila answered the second count of plaintiff's complaint on September 16, 1991 and cross-claimed against the defendants Brendon and James Droney seeking CT Page 16 indemnification for any judgment rendered against Arcila in favor of the plaintiff. The defendant Droneys have moved to strike on the ground that Arcila failed to state a legally sufficient cause of action for indemnification.
The motion to strike contests the legal sufficiency of the allegations of any complaint, counterclaim or cross-complaint to state a claim upon which relief may be grated. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 544 A.2d 1185
(1988); Practice Book 152(1). The trial court, in deciding on a motion to strike, must admit the truth of all facts well pleaded, Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985), and the court is limited to the facts alleged in the complaint. Gordon, supra, 170. However, the court should not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos, supra, 108. "[I]f facts provable under the allegations would support a defense or cause of action, then the motion to strike must fail." Id., 108. The court may not grant a motion to strike on a ground not specified in the motion. Blancato v. Feldspar Corporation, 203 Conn. 34,44, 522 A.2d 1235 (1987).
The defendant Droneys argue that defendant Arcila failed to plead a duty establishing an independent legal relationship between himself and defendant as is required by Atkinson v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84 (1990). Defendant Arcila argues that Atkinson does not apply because it is an intermediate appellate court decision and does not have authority over the supreme court decision in Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 207 A.2d 732 (1965).
An action seeking indemnity "involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest." Id., 412. In order for a party to recover in tort under an indemnification theory,
 reimbursements is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. [citation omitted] Such proof requires a plaintiff to establish four separate elements: `(1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not be negligent.'
CT Page 17
Burkert v. Petrol Plus Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 79 (1990), quoting Kyrtatus v. Stop Shop, Inc., 205 Conn. 694,698, 535 A.2d 357 (1988). Moreover, the appellate court in Atkinson v. Berloni, supra, set forth an additional element to be met by a party alleging indemnification grounded in tort. This additional element, "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty."
Id., 327.
In the present action, Arcila has pleaded the four indemnification elements required by Kaplan but has failed to plead an independent legal relationship between himself and the defendants giving rise to a social duty. Arcila, thus, has not properly pled indemnification.
In his objection to Droneys' motion to strike, Arcila argues that Atkinson v. Berloni, supra, being a decision or the appellate court, is not binding because it is in conflict with Kaplan v. Merberg Wrecking Corporation, supra, a decision of the Connecticut supreme court. However, Atkinson is merely an interpretation of the supreme court decision and not in direct conflict with it. Moreover, it is axiomatic that a decision by the appellate court is binding upon the superior court until overruled. Accordingly, Atkinson is binding upon this court.
For above reasons, the defendant Droneys' motion to strike Arcila's cross-claim for indemnification grounded in tort is granted.
SCHALLER, J.