[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant, Sears, Roebuck Co., has filed a counterclaim for indemnification based on the active or primary negligence doctrine against the plaintiff, who in turn has filed a motion to strike the counterclaim.
The plaintiff commenced this action, individually, and as parent of her minor child who was injured in the defendant's store. The counterclaim alleges that the named plaintiff left the store without arranging for appropriate adult supervision or otherwise notifying employees of the store of that fact, and that she left the child in the company of his minor siblings. The counterclaim contends that the plaintiff was negligent in several respects, that she was in exclusive control of the situation causing the injuries to the minor plaintiff, and that the defendant did not know of the plaintiff's negligence, had no reason to anticipate it, and that the defendant could reasonably rely upon the plaintiff not to be negligent.
A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary. Weintraub v. Richard Dahn, Inc., 188 Conn. 570,573; Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,415. This is an exception to the general rule that there is no right of indemnification among joint tortfeasors. Ferryman v. Groton, 212 Conn. 138, 142, 143. In order to recover under the primary-secondary negligence exception, the secondarily negligent tortfeasor must prove: (1) the other party was negligent; (2) the other party's negligence rather than the indemnitee's was the direct and immediate cause of injury; (3) the other party had exclusive control over the situation; and (4) the secondarily negligent party seeking indemnification did not know of the other party's negligence, CT Page 573 had no reason to anticipate it, and could reasonably rely upon the other party not to be negligent. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74; Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 698; Kaplan v. Merberg wrecking Corporation, supra, 416; Weintraub v. Richard Dahn, Inc., supra, 573. In Atkinson v. Berloni, 23 Conn. App. 325,328, a motion to strike was granted where the complaint did not disclose either a preexisting relationship between the parties or an independent duty owed by the third party defendant to the third party plaintiff, other than the general duty of an individual to behave as a reasonable person. On its facts, the Atkinson case involved a collision between two motor vehicles, and the cross complaint requesting indemnification was against the operator of a third vehicle whose negligence allegedly caused the accident between the other two vehicles. The court recognized that the question whether a party is primarily negligent and thereby liable for indemnification to another party is ordinarily a question of fact for the trier which is not appropriate for disposition by the court on a motion to strike. Id. The granting of the motion was upheld by the Appellate Court because it could not discern from the complaint a preexisting relationship between the third party plaintiff and the third party defendant or any independent duty owed by the third party defendant to the third party plaintiff other than the general duty of an individual to behave as a reasonable person. Id., 328, 329. The opinion does not state that the existence of any such relationship must be specially pleaded, in addition to the other four requirements, in order to state a cause of action for indemnification.
With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from those allegations are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corporation, 203 Conn. 34, 36. The allegations of the counterclaim contained factual statements meeting the four well established requirements for indemnification. Unlike three motorists, who by chance simultaneously occupied the same location on a highway and who had no legal relationship to each other at the time, there was a legal relationship between the plaintiff and the defendant in this case. The plaintiff was a business invitee of the defendant when the child was injured. The legal relationship between them is implicit from the allegations of the counterclaim. Whether the defendant can obtain indemnification in this case depends upon factual issues which cannot be resolved on a motion to strike. Even if the fifth element stated in Atkinson v. Berloni, supra, applies, there is a possibility that a sufficient legal relationship can be proven at the time of trial.
The motion to strike the counterclaim is denied.
ROBERT A. FULLER, JUDGE CT Page 574
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 575
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 576
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 577
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 578
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 579
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 580
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 581
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 582
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 583
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 584
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 585
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 586