[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THIRD-PARTY COMPLAINT
The plaintiff instituted the present action alleging that he CT Page 3267 was a security guard at the Norwalk Hospital when he received personal injuries as a result as an assault committed upon him by the defendant Newman. The First count of the Amended Complaint alleges that the assault was intentional and the Second Count alleges that the assault was done negligently. Both counts allege that the injuries were received by the defendant pushing the plaintiff and/or wrestling and grappling with him causing him to fall to the floor. The defendant Newman has filed a third-party complaint directed to the Norwalk Hospital in which he alleges that the defendant's mother was admitted as a patient in the hospital and that the defendant entered into an agreement with the hospital whereby he was allowed to visit his mother after posted visiting hours. Defendant Newman then alleges that he was sued by the plaintiff and asserts that if the plaintiff suffered injuries it was due to the active negligence of the Norwalk Hospital which was the direct and immediate cause of the injuries rather than the passive negligence of the defendant Newman; that the Norwalk Hospital was in control of the situation to the exclusion of the defendant Newman and that the defendant Newman had no reason to know of the negligence of the Norwalk Hospital.
The Norwalk Hospital has filed a Motion to Strike The Third-Party Complaint on the ground that the complaint is barred by the exclusivity provisions of the Worker's Compensation Act, General Statutes 31-284 (a).
The court must construe the facts alleged in the third-party complaint most favorably to the pleader and if the facts provable under those allegations would support a cause of action, the motion to strike must fail. See such cases as, Blancato v. Feldspar Corporation, 203 Conn. 34 (1987); Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 451, (1980). Thus, the motion to strike "admits all facts well pleaded" but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, (1985) (emphasis supplied).
The substitute third-party complaint asserts, as a claim for relief, indemnification for any damages that may be rendered against him in favor of the plaintiff and costs; expenses and attorney's fees for defending the action brought by the plaintiff.
Where a claim for an indemnification is grounded in tort, CT Page 3268 reimbursement is warranted upon proof that the injury resulted from active or primary negligence of the party against whom relief is sought. Burkert v. Petrol Plus of Naugatuck. Inc., 216 Conn. 65,74, (1990). In order to establish a claim for active/passive negligence, a party must establish four separate elements, to wit: "(1) that the other tortfeasor was negligent; (2) that his negligence, rather than that of the plaintiff was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." Kyrtatas v. Stop and Shop Inc., 205 Conn. 694,698 (1988).
Where a third party in a suit by the employee seeks recovery against a contributorily negligent employer, indemnification is ordinarily denied on the grounds that the employer cannot be said to be jointly liable in tort to the employee because the operation of the exclusive remedy clause of the Worker's Compensation Act. Ferryman v. Groton, 212 Conn. 138, 144 (1989). However, an employer can be liable if it can be said that the employer breached an independent legal duty owed to the third-party or if there is a basis for a finding of an implied promise of indemnity. Ferryman v. Groton, supra at 144-145. In the present case, there is essentially no pre-existing or independent legal duty other than the duty of an individual to behave as a reasonable person. Atkinson v. Berloni, 23 Conn. App. 325, 329 (1990).
In the present action, the plaintiff asserts that the defendant Newman assaulted him either negligently or intentionally. Under such a claim, it is difficult to determine how the hospital can be said to be in control of the situation to the exclusion of the defendant Newman.
Accordingly, the motion to strike the third-party complaint is granted.
RUSH, JUDGE