[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Intertown Realty Company (Intertown/Plaintiff) brought a three count action against New England Heating and Cooling (New England/defendant). The action arises out of an alleged contract entered into between the original plaintiff (Intertown) and New England, whereby New England agreed to install an air conditioning and heating system according to plans and specifications furnished by the engineer, Walter McIlveen Associates (McIlveen).
New England did implead McIlveen as a third party defendant.
In the First Count of the Second Amended Third Party CT Page 4248 Complaint, New England, the defendant/third party plaintiff, seeks to be indemnified by McIlveen, the third party defendant, for any liability it may incur as a result of this lawsuit. In the Third Count New England claims relief under CGS 52-572h.
McIlveen, the third party defendant, brings this Motion to Strike the First and Third Counts of the Second Amended Third Party Complaint dated October 16, 1991.
The function of the motion to strike is to test or challenge the legal sufficiency of a pleading, and admits all facts well pleaded. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc., 190 Conn. 528, 530 n. 2 (1983). In passing upon the motion, a court will assume the truth of the pleading under attack, id. 530 n. 2, and will construe the complaint in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36 (1987).
As to the first count of the second amended third party complaint, the movant, McIlveen, claims that New England failed to state a claim for indemnification in that the third party plaintiff failed 1) to allege exclusive control of the situation, and 2) failed to allege the existence of an independent legal relationship between the parties.
Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412 (1965), Atkinson v. Berloni, 23 Conn. App. 325, 326. Ordinarily, there is no right of indemnity between joint tortfeasors (citations omitted). Exception to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. Atkinson, supra, 326. In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved:
(1) the party (indemnitor) McIlveen was negligent;
 (2) the indemnitors negligence, rather than another's was the direct and immediate cause of injury;
 (3) the party, the indemnitor, had exclusive control over the situation, to the exclusion of the indemnitee; and
 (4) the negligent party seeking indemnification (New England) did not know of the charged party's (McIlveen) negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence. Atkinson, supra, 326-27. CT Page 4249
The appellate court in Atkinson, supra, held, and thereby establish a fifth element (5) that in order to be entitled to indemnification from a joint tortfeasor the party seeking indemnification must establish that the alleged indemnitor (McIlveen) owed that party, the indemnitee, a duty based on an independent legal relationship. Id. 327-28.
The court finds that the third party plaintiff did sufficiently allege exclusive control of the situation by McIlveen.
A review of the first count of the Second Amended Third Party Complaint reveals that the third party complainant — New England — has alleged the four "standard" elements of indemnification. However, no where in the first count has New England alleged the existence of an independent legal relationship between itself and McIlveen as is required pursuant to Atkinson. Accordingly, New England has failed to properly plead indemnification.
The motion to strike count one of the Second Amended Third Party complaint is granted.
Count Three of the Second Amended Third Party Complaint claims liability of the third party defendant under CGS52-572h.
The third party plaintiff, New England, claims applicability of the contribution among joint tortfeasors statute (CGS 52-572h), based upon the impleader statute CGS 52-102a(a) wherein a defendant may serve a writ summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.
The third party defendant, McIlveen, claims that CGS52-572h does not apply to the third party defendant because he is not a defendant to the original plaintiff's claim.
This issues was reviewed in Gruton v. Board of Education,6 CSCR 450 (April 1, 1991) (Hodgson, J.), wherein the court rejected the third party plaintiff's argument which is similar to that posed in the case at bar. In Gruton the court reasoned:
 52-572h(g) provides that if a claimant is, in certain circumstances, unable to collect the proportion of his damages attributed to a particular "liable defendant," the court may reallocate the damages among the other defendants. CT Page 4250 52-572h(h) gives a defendant whose liability has been increased by such reallocation a right to contribution from the other defendant in the amount of the excess over the proportionate share of the claim.
 The [third party plaintiff's] reasoning overlooks the fact that [the third party defendant] is not a defendant as to the plaintiff's claim. Therefore, unless and until the plaintiff asserts a claim against him, [the third party defendant] will not be a "liable defendant" within the terms of 52-572h(g), and the possibility of reallocation to the [third party plaintiff] of damages allocated against [third party defendant] will thus not occur.
While some superior courts have sanctioned the use of a motion to implead for purposes of contribution under 52-572h, (citation omitted) it is the conclusion of this court that Gruton is the better reasoned decision.
Accordingly, the first count and the third count of New England's third party complaint against McIlveen is hereby ordered stricken.
MIANO, J.