[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff claims injuries when he fell off a concrete pier at a construction site. He first brought suit against R.C. Bigelow, Inc., the owner of the site, and Arno Construction Co., CT Page 7307 Inc., the general contractor. The defendants filed a third party complaint against Sarracco Heating Air Conditioning, Inc., a sub-contractor at the site and plaintiff's employer. The three count complaint alleges: in count one that Sarracco is liable to defendants for any plaintiff's verdict against them because of a contractual provision requiring Sarracco to maintain liability insurance coverage; in count two that the contract also had an indemnity provision wherein Sarracco agreed to indemnify Arno for Sarracco's negligence; and in count three a common law active/passive indemnification claim. The plaintiff later cited in Sarracco as a party defendant.
The third counts of the third party complaint. It argues that the second count should be stricken because Sarracco only agreed to indemnify Arno for its own negligence, and that with comparative negligence and all the parties in front of the jury as party defendants, the defendants cannot be held liable for any of Sarracco's negligence since any negligence attributable to Sarracco will be as apportioned, it argues that the contractual indemnification claim is unnecessary. Sarracco moves to strike the third count, claiming that no independent legal relationship has been shown to exist between Sarracco and defendants. It also argues, again, that a claim for indemnification is unnecessary and superfluous in a system of comparative negligence when all the parties are defendants.
The defendants in the second count of their cross complaint, allege that the provisions of the contract, a copy of which is attached to the cross complaint, and specifically paragraphs 13 and 14, provide that Sarracco will indemnify defendants for any negligence on its part. This count clearly states a cause of action for contractual indemnification.
Sarracco, however, claims that this does not state a valid claim, not because it is not sufficiently alleged, but because such a claim is inconsistent with Tort Reform II and comparative negligence. This argument overlooks the language of General Statutes 52-572h(j), which states that 52-572h, which sets up the comparative negligence system control to Tort Reform II, "shall not impair any right to indemnity under existing law."
"Where the language of a statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and that there is no need for statutory construction or a review of the legislative history." Manning v. Barenz,221 Conn. 256, 260 (1992). The language of 52-572h(j) could not be any more clear or unambiguous, the adoption of a comparative negligence system does not effect "any right to indemnity under existing law." CT Page 7308
Although there is generally no right of indemnity between joint tort feasors, Connecticut courts have allowed indemnification when the indemnitor is actively or primarily negligent, and the indemnitee is passively or secondarily negligent. Ferryman v. Groton, 212 Conn. 138, 142 (1989). To be entitled to indemnification in the active/passive context, the party seeking indemnification must prove (1) that the other party was negligent; (2) that the other party's negligence was the direct and immediate cause of the plaintiff's injury; (3) that the other party was in exclusive control of the situation, and (4) that it did not know of the other party's negligence, could not have anticipated such negligence and could reasonably have relied on the party to act non-negligently. Id.; Atkinson v. Berloni, 23 Conn. App. 325,326-327 (1990).
The Atkinson court also found "[i]mplicit in indemnification cases. . . the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Atkinson, supra, 327. Thus, the court explicitly required that the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on independent legal relationship. " Id., 328.
Although the third count clearly alleges that four required elements for active/passive indemnification, Saracco claims that the count should be stricken because there is no independent legal relationship between Sarracco and defendants. In Atkinson, however, the court indicated that a contractual relationship between the parties is a sufficient independent legal relationship. See id. (court's citation of Burkett v. Petrol Plus of Naugatuck, 216 Conn. 65 (1990), Malerba v. Cessna Aircraft Co.,210 Conn. 189 (1989) and Beaudoin v. Town Oil Co., 207 Conn. 575
(1988)). The alleged sub-contractor/general contractor contractual relationship of the parties is a sufficient independent legal relationship as enunciated in Atkinson. The defendants have sufficiently alleged an active/passive indemnification claim in the third count.
Sarracco would resist this conclusion further by arguing that such a claim for indemnification is inconsistent with Tort Reform II and unnecessary in a comparative negligence system when all the parties are defendants to the original action. Why claims for indemnification are not inconsistent with Tort II has been discussed herein.
This is precisely what the jury determined in Kyrtatas v. Stop Shop, Inc., 205 Conn. 694 (1988), cited by Sarracco. The jury in that case found that Stop Shop and Shield Packaging were each 49% negligent in causing plaintiff's injuries. Id., 697. The jury also found, however, that Stop Shop was entitled to CT Page 7309 indemnification in its cross complaint as against Shield Packaging. Id. Thus, the jury found that although the two defendants were equally negligent, Stop Shop was only passively negligent.
Defendants have sufficiently alleged a contractual indemnification claim in count two and an active/passive indemnification claim in count three. Because such claims are not inconsistent with comparative negligence, the motion to strike is denied.
FRANK S. MEADOW, J.