[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 165)
The present case arises out of an accident which occurred on October 31, 1987, in which an automobile operated by plaintiff Fred Stevens allegedly struck a dog that was owned by the defendants John and Carol Paulus. After the plaintiff struck the dog, he allegedly pulled his vehicle over to the right side of the road, and exited his vehicle in order to assist the dog. His wife, plaintiff Jane Stevens, remained in the vehicle's passenger seat. At that time, a vehicle operated by defendant Sara Froebel struck the rear of the plaintiffs' vehicle and caused plaintiff Jane Stevens to suffer various physical injuries.
On August 16, 1991, the Pauluses filed a two-count revised cross-complaint (no. 163). In the first count, the Pauluses assert a claim for apportionment of damages based on co-defendant Froebel's alleged negligence. In the second count, the Pauluses assert a claim for indemnification based on allegations of Froebel's "active" negligence.
On August 30, 1991 Froebel filed a motion to strike (no. 165) the Pauluses' entire revised cross-complaint on the following grounds: (1) the first count is legally insufficient because General Statutes 52-572h does not empower a co-defendant to cross-claim against another defendant for an apportionment of damages; and (2) the second count, which asserts an indemnity claim, is legally insufficient because the Pauluses fail to allege that Froebel owes them a duty based on an independent legal relationship.
A motion to strike challenges the legal sufficiency of the allegations of any complaint, counterclaim or crossclaim or any one or more counts thereof, to state a claim upon which relief can be granted. Practice Book 152(1); Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988): which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161
170 540 A.2d 1185 (1988).
A. First Count Apportionment CT Page 6169
In support of her motion to strike the first count of the Pauluses' cross-complaint, Froebel argues an apportionment of damages will take place "with or without the first count of the cross-complaint," as Froebel is a party defendant in the plaintiff's action, and General Statutes 52-572h provides for an apportionment of damages between parties. In response, the Pauluses argue that Practice Book 116 which provides that "[a] defendant may also file a . . . cross claim . . . against any other party . . . for the purpose of establishing that party's liability to the defendant for all or part of the plaintiff's claim against that defendant, "allows a co-defendant to assert a claim for apportionment by way of a cross-complaint".
General Statutes 52-572h provides in pertinent part:
 (c) In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable nonenconomic [noneconomic] damages except as provided in subsection(g) of this section.
 (e) In any action to which this section is applicable, the instructions to the jury given by the court shall include an explanation of the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party.
 (f) The jury or, if there is no jury, the court shall specify: (1) The amount of economic damages; (2) the amount of noneconomic damages; (3) any findings of, fact necessary for the court to specify recoverable economic damage and recoverable noneconomic damages; (4) the percentage of negligence that proximately caused the CT Page 6170 injury, death or damage to property in relation to one hundred per cent, that is attributable to each party, whose negligent actions were a proximate cause of the injury, death or damage to property including settled or released persons under subsection (n) of this section; and (5) the percentage of such negligence attributable to the claimant . . . .
(Emphasis added.)
Pursuant to 52-572h, the court is required to apportion liabilities and damages among co-defendants, irrespective of whether a claim for apportionment is asserted in a cross-complaint. Practice Book 116, which allows a co-defendant to assert claims for indemnification and contribution, does not necessarily allow a co-defendant to assert a cross-complaint for apportionment. The Pauluses' first count may constitute a superfluous pleading, and as such could be challenged by way of a request to revise pursuant to Practice Book 147 and 148. However, it is not per se legally insufficient.
Accordingly, Froebel's motion to strike the Pauluses' first count is denied.
B. Second Count: Indemnification
In the second count of their cross-complaint, the Pauluses assert an indemnity claim against Froebel based on Froebel's alleged "active" negligence.
An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corp., 152, Conn. 405, 412, 207 A.2d 732 (1965). In order to successfully plead active/passive negligence, the party seeking indemnification must allege facts sufficient to prove the following:
(1) the other party was negligent;
 (2) the other party's negligence was the direct and primary, immediate cause of the injury;
CT Page 6171
 (3) the other party was in exclusive control over the situation; and
 (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
In Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84
(1990), the appellate court added a fifth, element to an active/passive claim: an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Id., 327. In the present case, the second count of the Pauluses' cross-complaint does not allege an independent legal relationship between themselves, as indemnitees, and Froebel, as indemnitor, which gives rise to a special duty. Accordingly, since the Pauluses have failed to allege the fifth element, their claim for indemnification is legally insufficient, and Froebel's motion to strike the second count of the Paulus cross-complaint is granted.
BALLEN, JUDGE CT Page 6172