[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action against the estate of Joseph M. Asner, Jr. ("Asner"), Joseph M. Asner, the Town of Clinton ("Town"), Jack Welch and James Budkus, police officers or the Town, Robert F. Hinchcliffe, Chan's Roadside Inn, Inc., and its permittee, Pang L. Chan ("Chan's), and three individuals who do business as "Yesterday's": Anabel Leckey, the permittee/owner, James Mikolinski and Raymond Mikolinski, owners/backers.
The complaint alleged that on June 20, 1989, at approximately 11:02 p.m., the plaintiff was a passenger on the rear of a motorcycle operated by Asner and owned by his father. The complaint goes on to allege, essentially, that Asner had been drinking excessively prior to operating the vehicle and, further, that while operating the vehicle, he was under the influence of alcohol, in violation of the statute, 14-227a; that Hinchcliffe was one who served Asner, a minor, alcohol; and that both Chan's and Yesterday's sold alcohol to Asner, a minor and, further, Yesterday's sold Asner alcohol while he was intoxicated; and that Asner, while operating his vehicle on a public highway and at an excessive rate of speed as well as other statutory motor vehicle violations, was chased by the officers in violation of the Town's "Pursuit Policy."
It is further alleged that Asner left the travel portion of the highway, struck a brick house and was killed as a result of the collision, causing the plaintiff to sustain injuries and losses. CT Page 6219
The Town filed a cross claim against Yesterday's, claiming a right to indemnification and Yesterday's moved to strike the cross claim. That motion claims that the cross claim is insufficient because it fails to state a legal cause of action for indemnification. A party seeking indemnification based on tortious conduct "must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990). In such a relationship is not alleged to exist between joint tortfeasors, then there can be no claim for indemnification, regardless of whether the four necessary factual elements to establish active or primary negligence are alleged. See, Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74 (1990).
There is no claim by the Town that Yesterday's owed it a duty based on an independent legal relationship. A motion to strike tests "the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, 142 (1989). It maybe used to test the sufficiency of the allegations contained in a cross claim. Section 152(1) of the Practice Book.
Where "facts provable under the allegations [of the cross claim] would support a cause of action, the motion to strike must fail." Westport Bank Trust v. Corcoran, Mallin Aresco,221 Conn. 490, 496 (1992). In ruling on the motion, the court must construe it in the manner most favorable to sustaining its legal sufficiency. Bouchard v. People's Bank, 212 Conn. 465, 471
(1991).
There is no conflict between the Atkinson decision and decisions of the Supreme Court regarding the elements of a cause of action for indemnification. Atkinson merely interprets those decisions and is controlling in this case.
Accordingly, the motion to strike is granted.
BY THE COURT:
LEANDER C. GRAY, JUDGE CT Page 6219-a