[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 10, 1993, this action was commenced by plaintiffs, Patricia Integlia ("Integlia") and William Integlia, against defendant, Louise Norton Jackson ("Jackson"), by way of a single-count complaint. The complaint alleges that Patricia Integlia, a passenger in a vehicle operated by Kimberly McLoughlin ("McLoughlin"), was injured as a result of a collision with a vehicle operated by defendant.
Subsequently, pursuant to a motion to implead which was granted by the court, Fracasse, J. on April 19, 1993, defendant instituted a third party action against McLoughlin, alleging that McLoughlin was negligent, and seeking indemnification, costs, expenses and attorney's fees, and damages.
On June 4, 1993, McLoughlin filed a motion to strike the third party complaint, accompanied by a memorandum of law, on the CT Page 7528 ground that the third party complaint fails to allege two of the elements required to maintain a cause of action based upon active/passive negligence: (1) that MaLoughlin [McLoughlin] had an independent legal relationship with Jackson, and (2) that McLoughlin had exclusive control over the situation.
There is no memorandum of opposition contained in the file, and the clerk's office had no record of such a filing. Practice Book section 155 was amended so that a failure to file a timely opposition memorandum will not necessarily be fatal and the court may address the merits. (Citation omitted.) Rephan v. Clohessy Building Company, Inc., 3 Conn. L. Rptr. 428, 429 (April 2, 1991, McKeever, J.). "`[D]espite the amendment to Connecticut Practice Book [section] 155, the filing of a memorandum in opposition to a motion to strike is mandatory and failure to file such may still serve as ground for granting a motion to strike.'" Id., 429, citing to Olshefski v. Stenner, 2 Conn. L. Rptr. 477 (September 27, 1990, Clark, J.). However, "although this is still a ground for granting the motion, the court has the discretion to waive the failure to file the memorandum in opposition." Id.
The motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989); Practice Book section 152. When ruling on a motion to strike, the court is restricted to the alleged facts, and it must construe these facts in the light most favorable to the nonmovant. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, 196 Conn. 91, 109, 491 A.2d 368 (1985).
Indemnity is "a claim for reimbursement in full from one on whom a primary liability is claimed to rest . . . and, [o]rdinarily there is no right of indemnity . . . between joint tortfeasors." (Citations omitted.) Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 412, 207 A.2d 732 (1965). An exception to this rule exists, however, "where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor." (Citations omitted.) Atkinson v. Berloni, 23 Conn. App. 325, 326, 580 A.2d 84 (1990). When "a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought. Such proof requires a plaintiff to establish four separate elements . . . ." (Citations omitted.) CT Page 7529 Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990).
The following elements must be proven to establish that a party was primarily negligent and liable to indemnify a secondarily negligent tortfeasor: "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of in jury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." (Citation omitted.) Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982). Additionally, in Atkinson v. Berloni, supra, the Appellate Court established a fifth requirement: "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id., 328.
In the present case, Jackson's third party complaint alleges that McLoughlin was negligent in a variety of ways. Jackson further asserts that she had no reason to anticipate McLoughlin's negligence and reasonably relied on McLoughlin not to be negligent. The complaint also alleges that any negligence chargeable to third party plaintiff is passive in nature, and the negligence of third party defendant was the direct and immediate cause of plaintiffs' damages and losses. Although Jackson has pleaded three of the required elements, she has not alleged that McLoughlin, the operator of one vehicle in a two-car collision, had exclusive control of the situation; nor has she pleaded the existence of an independent legal relationship with McLoughlin giving rise to a special duty. Accordingly, McLoughlin's motion to strike the third party complaint is granted on this ground. See White v. B.J.W. Car Rental, 9 CTLR 55, 56 (May 3, 1993, Sullivan, J.) (third party defendant's motion to strike third party plaintiffs' indemnification claim granted where complaint did not allege a legal duty arising out an independent legal relationship); Intertown Realty Company v. New England Heating 
Cooling, Inc., 6 CTLR 404, 405 (May 8, 1992, Miano, J.) (court grants motion to strike because third party plaintiff fails to allege the existence of an independent legal relationship); Downs v. Torres, 4 Conn. L. Rptr. 487, 488 (August 29, 1991, Hennessey, J.) (court finds party's indemnification claim legally insufficient where third party plaintiff fails to allege facts sufficient to support an independent legal relationship between CT Page 7530 third party plaintiff and third party defendant).
Third party defendant's motion to strike the third party complaint is granted on the basis that third party plaintiff has not alleged all the elements required to maintain a claim for indemnification.
Howard F. Zoarski, Judge