EDWARD ATKINSON *v.* ALBERT BERLONI ET AL.
DEBORAH SAMS *v.* ALBERT BERLONI ET AL.
(8855)
(8856)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 12—decision released September 25, 1990

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellant (named defendant).

*John Palermo,* with whom, on the brief, was *Beverly Johns,* for the appellee (defendant Irene Clark).

DUPONT, C. J. This is a consolidated appeal of two civil cases arising from a collision between a motorcy-

cle and a car. The plaintiffs, the driver and passenger of the motorcycle, collided with the car driven by the defendant Albert Berloni. The plaintiffs claim that the accident was caused by the negligence of Berloni and of a second defendant, Irene Clark. They allege that Clark, the operator of another car traveling in the same direction as the motorcycle, negligently signaled to Berloni, who was traveling in the opposite direction, that he could take a left turn in front of her vehicle and the motorcycle. They also allege that Berloni negligently made the left turn, thus causing the accident.

Berloni subsequently filed a cross complaint against Clark seeking indemnification. Clark successfully moved to strike the cross complaint on the ground that Berloni had failed to state a legally sufficient cause of action for indemnification. From the judgment rendered on the cross complaint, Berloni has appealed. The sole issue on appeal is whether the allegations of Berloni's cross complaint state a cause of action for indemnification.

Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965). Ordinarily, there is no right of indemnity between joint tortfeasors. *Ferryman* v. *Groton,* 212 Conn. 138, 142, 561 A.2d 432 (1989); *Kaplan* v. *Merberg Wrecking Corporation,* supra. Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. See *Ferryman* v. *Groton,* supra, 144; *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, 544, 107 A.2d 406 (1954). In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: "(1) the

party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." *Weintraub* v. *Richard Dahn, Inc.,* 188 Conn. 570, 573, 452 A.2d 117 (1982).

Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Some Connecticut cases have expressly required such a relationship. *Ferryman* v. *Groton,* supra; *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* supra; *Maccarone* v. *Hawley,* 7 Conn. App. 19, 507 A.2d 506 (1986). In each of these cases, the alleged indemnitor was the employer of the plaintiff, and the issue was whether the employer owed an independent legal duty to the defendant sufficient to overcome the exclusive remedy clause of the Workers' Compensation Act. In *Ferryman,* the Supreme Court found that the requisite independent relationship arose from the parties' joint ownership of the property on which the plaintiff was injured, and allowed a claim for indemnification to survive a motion to strike. *Ferryman* v. *Groton,* supra, 145–46. In *Maccarone,* this court found that an independent legal relationship between the parties to a third party complaint arose from an express contract and allowed the claim for indemnification based on the contract to withstand a motion to strike. *Maccarone* v. *Hawley,* supra, 23–24. The court in *Farm Bureau* found a legal duty stemming from a lease contract for a motor vehicle between the third party plaintiff's insured and the employer of the original, injured plaintiff. *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* supra.

While most Connecticut indemnification cases do not expressly address the requirement of an independent legal relationship between the parties, we have found none allowing a claim for indemnification in the absence of such a duty or relationship. See, e.g., *Burkert* v. *Petrol Plus of Naugatuck, Inc.*, 216 Conn. 65, 579 A.2d 26 (1990) (contractual relationship between licensee and licensor); *Malerba* v. *Cessna Aircraft Co.*, 210 Conn. 189, 554 A.2d 287 (1989) (contractual relationship between owner and manufacturer of airplane); *Beaudoin* v. *Town Oil Co.*, 207 Conn. 575, 542 A.2d 1124 (1988) (contractual relationship between owner of house and insulation contractor); *Gino's Pizza of East Hartford, Inc.* v. *Kaplan*, 193 Conn. 135, 475 A.2d 305 (1984) (landlord tenant relationship). We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship.

A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; *Ferryman* v. *Groton,* supra, 142. In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader. *Rowe* v. *Godou,* 209 Conn. 273, 278, 550 A.2d 1073 (1988). The question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact; *Weintraub* v. *Richard Dahn, Inc.,* supra, 573–74; and not appropriate for disposition by the court on a motion to strike. We review Berloni's cross complaint, therefore, to determine whether he could have proven, on the basis of its allegations, that he was entitled to indemnification from Clark.

The cross complaint alleges, albeit in a conclusory fashion, each of the essential elements of indemnification. We can discern, however, neither a preexisting

relationship between Clark and Berloni, nor an independent duty owed by Clark to Berloni, other than the general duty of an individual to behave as a reasonable person.

In the present case, Berloni argues that Clark undertook to direct traffic, thus assuming a duty to assure that her direction was safe and accurate. He relies on *Weintraub* v. *Richard Dahn, Inc.,* supra, to support his argument that he is entitled to pursue a claim of indemnification against Clark.

Berloni's reliance on *Weintraub* is misplaced. In *Weintraub,* the plaintiffs alleged that their property was damaged when a subcontractor's employee negligently backed up a truck delivering materials to the building site. The subcontractor filed a third party claim for indemnification against the general contractor, alleging that its employee was following the negligent direction of the general contractor's employees when the accident occurred. Affirming the judgment for indemnification in favor of the subcontractor, the Supreme Court noted that "the relationship of suppliers and subcontractors to the general contractor on a construction project has frequently been the setting in which questions of ultimate liability for employee actions arise." Id., 574.

It is true that indemnity is sometimes granted when one tortfeasor acts pursuant to the directions of another tortfeasor, reasonably believing the directions to be lawful. Restatement (Second), Torts § 886B. The primary application of this principle, however, is where an agent follows the direction of a principal. Id., comment f; see also *Higgins* v. *Russo,* 72 Conn. 238, 43 A. 1050 (1899) (sheriff entitled to indemnity from attorney who negligently directed him to attach goods pursuant to a writ of attachment).

No such relationship exists here. The contact between Berloni and Clark was random and unanticipated. By signaling Berloni to pass in front of her, Clark did not assume a special duty toward Berloni, other than the general duty of a motorist to use reasonable care. To allow a claim for indemnity between joint tortfeasors on the basis of such a duty would be to allow the exception to swallow the rule.

We conclude, therefore, that the trial court correctly granted Clark's motion to strike Berloni's cross complaint because of the absence of an independent legal relationship between the parties giving rise to a clearly identifiable legal duty owed by Clark to Berloni.

The judgment is affirmed.

In this opinion the other judges concurred.