[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY COMPLAINT #125
The issue is whether the third party complaint alleges sufficient facts to state a claim for indemnification so as to withstand a motion to strike.
The third party complaint does not allege all five of the elements necessary for common law indemnification. Therefore, it is submitted that the third party defendant's motion to strike should be granted.
The plaintiffs, Sharon Yearwood and Robert Crockett, in their capacity as co-administrators of their decedent son's estate, brought a suit sounding in negligence against defendants Jose R. Vazquez and Anna D. Vazquez. The plaintiffs allege that the defendants negligently maintained a dangerous condition on their land by failing to secure their swimming pool, so as to present an unreasonable risk of serious injury to small children. Plaintiff's decedent's a two year old child, allegedly drowned in defendant's swimming pool. CT Page 7810
Defendants impleaded third party defendant, Sharon Yearwood, in her individual capacity and on June 18, 1991, filed a one-count common law active/passive indemnification claim. The third party plaintiffs allege that the decedent's death was directly and proximately caused by the active and primary negligence of the third party defendants, Sharon Yearwood, mother of decedent, Valdeen Lawson and Viola Yearwood. Valdeen Lawson and Viola Yearwood have failed to appear in this action to date.
Pursuant to Practice Book 155, third party defendants filed a memorandum in support of their motion and third party plaintiff timely filed a memorandum in opposition.
A motion to strike is the proper vehicle with which to test the legal sufficiency of a complaint or any count therein. Practice Book 152. In ruling on a motion to strike the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). The court must construe the facts in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1985).
To sufficiently allege a cause of action for common law indemnification, the third party plaintiff must plead facts that:
 "(1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; [and] (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence;
 . . . .there is an independant legal relationship between the indemnitor and the indemnitee giving rise to a special duty."
Atkinson v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84
(1990) [citations omitted].
The third party plaintiffs allege in support of their indemnification claim that Sharon Yearwood was negligent in that she was sleeping and failed to exercise reasonable care in CT Page 7811 the supervision of the decedent. Sharon Yearwood asserts that the allegation that she failed to exercise reasonable care is legally insufficient.
It is clear that the third party plaintiffs have not properly plead the fifth element for a cause of action in common law active/passive indemnification. The fifth element is that the third party plaintiff must plead facts that there is an independent legal relationship between the indemnitor and indemnitee giving rise to a special duty. Therefore, the third party defendant's motion to strike should be granted and is granted.
WILLIAM J. McGRATH, JUDGE.