[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#125)
FACTS
The original complaint, filed on June 18, 1990, alleges that on or about August 7, 1989, the minor plaintiff, David Ullmar, was injured when he dove into a pool located on property owned by the Discipios. The complaint brought a product liability action against Robco Group, Inc., the seller and installer of the pool liner. In its third-party complaint, filed on May 17, 1991, Robco Group, Inc., seeks to implead the Discipios. Count I is a common law indemnity claim based upon active and passive negligence. Count II brings a product liability claim against the Discipios, based upon General Statutes 52-572m et seq.
The Discipios filed a motion to strike the third-party complaint as to them, on June 10, 1991. They based the motion on the grounds that: 1) Count I fails to allege any relationship between the parties sufficient to support indemnification, and 2) Count II fails to allege that the third-party defendants are product sellers subject to liability under the Products Liability Act. The Discipios also filed a memorandum in support of the motion on June 10, 1991, and Robco filed an opposing memorandum, dated October 1, 1991.
DISCUSSION
A motion to strike is the proper mechanism for challenging the legal sufficiency of a pleading. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike admits all well-pleaded facts. Id.
"Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitors and indemnitee giving rise to a special duty." Athison v. Berloni,23 Conn. App. 325, 327, 580 A.2d 84 (1990).
For Count I of Robco's third-party complaint to withstand a motion to strike, it must allege an independent legal duty owed by the Discipios to Robco. However, Count I merely alleges negligence on the part of the Discipios, making no claim of an independent legal duty running from the Discipios to Robco, and alleging no facts showing such a duty. Since Count I of the third-party complaint alleges no independent legal duty between the Discipios and Robco, it is clear that the motion to strike CT Page 1346 Count I should be granted.
Count II attempts to set up a claim against the Discipios pursuant to General Statutes 52-572m et seq., the Products Liability Act. Count II makes no allegation that the Discipios are or were a product seller. The law is well-settled that where a person is not a product seller, he is not subject to liability under the Product Liability Act. Burhert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 72-73, 579 A.2d 26
(1990). Count II should be likewise stricken.
The motion to strike is granted as to Count I and Count II.
Burns, J.