[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brought an action against five defendants, including the named defendant and Roald Haestad, Inc., claiming she suffered personal injury and property damage when a road adjacent to her property was negligently repaired. Chilson was the contractor hired to repair and improve the road, while Haestad was hired as a design and engineering consultant. Chilson filed a cross-claim for indemnification against Haestad, which Haestad now CT Page 7980 moves to strike. Although Haestad raises three grounds in its motion to strike, Haestad's second ground is dispositive and it is therefore unnecessary to address Haestad's other grounds.
Haestad claims that Chilson has failed to allege the existence of an independent legal relationship between Haestad and Chilson. In Atkinson v. Berloni, 23 Conn. App. 325 (1990), the court held that a claim for indemnification requires that there be an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty. Id., 327. There the court struck the claim for indemnification "because of the absence of an independent legal relationship between the parties giving rise to a clearly identifiable legal duty owed by Clark to Berloni." Id., 330. Thus, "the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id., 328.
Chilson's cross claim in no way alleges the existence of that relationship or the duty owed by Haestad to Chilson. Chilson, in its memorandum in opposition to the motion, argues that such a relationship exists because Haestad prepared the plans which Chilson followed and Haestad supervised some of Chilson's work. Whether these arguments establish the necessary independent legal relationship is irrelevant on this motion; those facts are not alleged in Chilson's cross claim. Chilson has failed to allege the existence of the independent legal relationship giving rise to a special duty, and thus has not alleged a cause of action for indemnification. See e.g. Bascetta v. Droney, 5 Conn. L, Rptr. 419, 420 (January 6, 1992, Schaller, J.); Pondelik v. Heritage Restaurant, 5 Conn. L. Rptr. 408, 409 (December 30, 1991, Pickett, J.). Accordingly, the motion to strike is granted.
/s/ Langenbach. J. LANGENBACH