[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE THIRD PARTY COMPLAINT
On March 6, 1992, third-party plaintiff Farruggio Express, Inc. filed a three-count third-party complaint against third-party defendant Ellen Hubbard individually and as the administratrix of the estate of Christine Hubbard, seeking indemnification, attorney's fees, costs, and contribution pursuant to General Statutes 52-572h(c).
On April 27, 1992, pursuant to Practice Book 352, third-party plaintiff filed a motion for default for failure to appear against third-party defendant, which motion was granted on April 27, 1992.
On August 7, 1992, an appearance was filed on behalf of the third-party defendant, and on that date the third-party defendant filed a motion to strike the three counts of the third-party complaint, accompanied by a memorandum of law in support. Third-party defendant moves to strike count one on the ground that it fails to set forth the elements of an indemnification claim, and moves to strike counts two and three on the ground that neither count alleges an independent legal relationship between third-party plaintiff and third-party defendant.
On August 21, 1992, third-party plaintiff filed a memorandum of law in opposition to the motion to strike, including a claim as to the timeliness of third-party defendant's motion to strike. Third party plaintiff argues that "[t]he motion to strike cannot be considered as a defaulted party must file an answer" and cites Practice Book 363A in support of its argument. Practice Book 363A does not appear to be relevant to the present case as this section addresses defaults for failure to plead and not defaults for failure to appear. No default for failure to plead against the third-party CT Page 10339 defendant has been claimed. Even though a default for failure to appear was entered, third-party defendant's subsequent filing of her appearance prior to the entry of judgment after default caused the default to "automatically be set aside by the clerk" under Practice Book 353. We find that third-party defendant's motion to strike is properly before this court.
As to the merits of the Motion to Strike, attacking the third party's claim for indemnification, we have previously granted similar motions to strike on the ground that no independent legal relationship has been alleged between the parties as required by Atkinson v. Berloni, 23 Conn. App. 325
(1990).
Since no independent legal relationship has been alleged and third-party defendant is already a party, and subject to the apportionment of damages as required by applicable statutes, the Motion to Strike is granted.
Wagner, J.