[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The third party defendants' Motion to Strike in this case raises the issue as to whether it is sufficient to plead the four essential elements necessary to establish liability to indemnify a secondarily negligent tortfeasor as set out in the Supreme Court case of KaPlan v. Merberg Wrecking Corporation, 152 Conn. 405, 412
or whether the court is bound to apply the rule of the Appellate Court decision. Atkinson v. Berloni, 23 Conn. App. 325, held that a fifth essential element must be proved to establish a right to indemnification, namely that the indemnitor owed the cross complaining indemnitee "a duty based on an independent legal relationship". Atkinson, supra 328. No such allegation is pled in the cross complaint for indemnity. Because the court is bound to follow the rule in Atkinson, the indemnitors Motion to Strike must therefore be granted.
The third party plaintiff urges the court to ignore the Appellate Court decision and adopt the four pronged Kaplan v. Merberg test as controlling. The Atkinson v. Berloni Appellate Court decision sets out the most recent exposition on this issue from either of the two appellate courts in this state, and as such, it is binding on the Superior Court. See Granville O. Downs v. Lucy E. Torres, No. 376966, Judicial District of Hartford at Hartford, (Hennessey, J.). Since the third party plaintiff conceded at oral argument that it is not claiming contribution, CT Page 6897 there is no need to address the issue as to whether the present complaint sets further a valid claim for contribution. Failure to make an allegation in the complaint of "an independent legal relationship" between the indemnitor and indemnitee giving rise to a special duty, renders the complaint for indemnification legally insufficient and it is therefore struck.
Flynn, J.