[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT
FACTS
By amended three count complaint filed September 21, 1993, the plaintiff, Cianbro Corporation (hereinafter "Cianbro"), brings this action against the defendant, Underwater Construction Company (hereinafter "UCC"). Cianbro seeks indemnification for any judgment that may be rendered CT Page 350 against the plaintiff in favor of the Southern New England Telephone Company (hereinafter "SNET") in the action captioned Southern New England Telephone Company v. Cianbro Corporation, Judicial District of New London at Norwich, Docket No. 096961, including costs, expenses and attorneys fees related to that action. Cianbro also seeks indemnification for costs, expenses and attorneys fees for defending the action captioned Eastern Connecticut Cable Television, Inc. v. Cianbro Corporation, Judicial District of New London, Docket No. 516320, until said action was withdrawn against the plaintiff on or about April 6, 1992.
The plaintiff alleges the following facts to be true. SNET brought suit against Cianbro and New York Telephone Company alleging damages resulting from certain dredging operations undertaken by Cianbro in the Niantic River. SNET alleged that Cianbro was negligent in its operations in the Niantic River which resulted in damages to their conduit structures and cable.
Cianbro then commenced this action against the defendant. Cianbro alleges that UCC was negligent in its installation of the conduit structure in accordance with the specifications of UCC's contract with SNET and as required by permits with the State of Connecticut and the Army Corps of Engineers. Consequently, the plaintiff argues that it is entitled to indemnification in the two above-mentioned actions.
On February 1, 1993, the defendant filed a motion for summary judgment and an accompanying memorandum of law, claiming that the allegations contained in the plaintiff's complaint are insufficient to establish a claim for indemnification. Specifically, the defendant argues that the plaintiff has failed to allege that an independent legal relationship exists between the plaintiff and the defendant.
On July 16, 1993, the plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment. The plaintiff argues that it has alleged facts sufficient to establish a claim for indemnification. Submitted with the memorandum is the deposition testimony of Charles Latham and Tony Garcia, both of whom are former employees of UCC.
DISCUSSION CT Page 351
In order to obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that he is entitled to judgment as a matter of law. Practice Book 384; Connelly v. Housing Authority, 213 Conn. 354,364, 567 A.2d 1212 (1990).
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "Ordinarily, there is no right of indemnification between tortfeasors." Atkinson v. Berloni, 23 Conn. App. 325, 326,580 A.2d 84 (1990). A party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. Bukert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74, 579 A.2d 26 (1990).
An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg, 152 Conn. 405, 411,207 A.2d 732 (1965). Active/passive indemnification is an exception to the general rule that there is no right of indemnification among joint tortfeasors. Id., 412. In order to successfully plead active/passive indemnification, the party must allege facts sufficient to prove the following:
1) the other party was negligent;
 2) the other party's negligence was the direct and primary, immediate cause of the plaintiff's damages;
 3) the other party was in exclusive control over the situation;
 4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence.
Bukert v. Petrol Plus of Naugatuck, Inc., supra, 74; Kaplan v. Merberg, supra, 416. In addition, in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal CT Page 352 relationship. Atkinson v. Berloni, supra, 328.
The plaintiff in the present case alleges the following in its amended complaint:
1) that UCC is a negligent party;
 2) that UCC's negligence was the direct and primary, immediate cause of the plaintiff's injury;
3) that UCC was in exclusive control over the situation;
 4) that Cianbro did not know of UCC's negligence, had no reason to anticipate it, and could reasonably rely on UCC to act without negligence.
Although Cianbro has alleged four elements necessary to sustain an action for indemnification, it has not alleged the existence of an independent legal relationship. See Atkinson v. Berloni, supra, 328. The plaintiff has failed to allege or prove an independent legal relationship between the parties. There is, therefore, no contractual obligation between the parties. Regarding active/passive negligence, in this case the plaintiff was the active tortfeasor, not the passive one. Secondly, the plaintiff has failed to demonstrate that the defendant UCC was in exclusive control over the situation. Actually, the plaintiff was in exclusive control according to the facts as stated in the complaint.
The motion for summary judgment is hereby granted.
Hurley, J.