[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SECOND COUNT OF CROSS-COMPLAINT
The co-defendant Pierce has moved to strike the second count of the co-defendant Bikakis's cross-complaint seeking indemnification from Pierce for any verdict which may be rendered against him. CT Page 3939
The legal sufficiency of an indemnification claim can, of course, be tested by means of a motion to strike. Atkinson v Berloni, 23 Conn. App. 325, 326 (1990); Ferryman v. Groton,221 Conn. 138, 141 (1989).
Atkinson, which follows and in part interprets Ferryman, makes clear that for there to be a recognizable claim for indemnification there must be an "independent legal relationship" between the parties, 23 Conn. app. at pages 327
and 328. The language quoted by counsel for Bikakis from Ferryman, "We have permitted recovery (in indemnification cases) even absent a finding of an express or implied agreement as between the two tortfeasors to exercis [exercise] reasonable care." 212 Conn. at page 143 does not conflict with the requirement of an independent legal relationship. The Ferryman court after this comment and after this quoted language explores this separate issue and Atkinson relies on that discussion.
It is also true that the Bikakis cross-complaint does not allege that Pierce had exclusive control over the situation — that might be a difficult task in what was after all a multi-vehicle accident.
The motion to strike is granted.
Corradino, J.