■ NATHANIEL HESTER et al., Plaintiffs, v LIFTFRAME BUILDERS, Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. POUGHKEEPSIE CONCRETE, INC., Third-Party Defendant-Appellant. [614 NYS2d 202] —In an action to recover damages for personal injuries, etc., the third-party defendant Poughkeepsie Concrete, Inc., appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 2, 1992, as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Nathaniel Hester was injured while he was employed at a construction site in Connecticut, and he received workers' compensation benefits from the appellant, his employer. He commenced this personal injury action in New York against the general contractor and two of the subcontractors who had worked on the project in Connecticut. One of the defendant subcontractors, Liftframe Builders, then commenced a third-party action against the appellant for contribution and indemnification. The appellant moved for summary judgment on the ground that the third-party action is barred by Connecticut law.

We agree with the Supreme Court that the appellant failed to establish that the third-party action for contribution and indemnification is barred as a matter of law by the exclusive-remedy provision of the Connecticut Workers' Compensation Act (Conn Gen Stat § 31-284 [a]; *see, Ferryman v City of Groton,* 212 Conn 138, 561 A2d 432; *Atkinson v Berloni,* 23 Conn App 325, 580 A2d 84). Accordingly, the appellant's motion for summary judgment was properly denied. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.