[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this negligence and loss of consortium action, the plaintiffs, Pamela and Richard Pisani, seek to recover for injuries sustained by Pamela Pisani on May 7, 1991, when she slipped and fell on the hardwood floor in a home owned by the defendants, John and Patricia Watkins. According to plaintiffs, Mrs. Pisani was in defendants' home to attend an open house for real estate brokers. On December 28, 1993, defendants filed a motion to cite in Virginia Henderson as a third party defendant pursuant to General Statutes § 52-102a, which motion was granted by the court, Mottolese, J. In a third-party complaint, dated April 15, 1994, defendants allege that Henderson was the broker responsible for organizing and administering the open house and at the time of the alleged accident, the house was within Henderson's exclusive control. In count one, defendants seek indemnification based upon active/passive negligence and in count two, apportionment pursuant to General Statutes § 52-572h.
On May 10, 1994, Henderson filed a motion for summary judgment, on the ground that she was not a party to the contract between First National Realtech and defendants, and therefore bears no legal obligation to the plaintiff. In her memorandum in support of summary judgment, Henderson also claims that count two is barred by the statute of limitations contained in General Statutes § 52-584. In support of her motion, Henderson submitted a copy of the contract between Realtech and defendants, as well as her own affidavit.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." WadiaEnterprises, Inc. v. Hirschfeld, 224 Conn. 240, 246-47,618 A.2d 506 (1992); Practice Book § 384. A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin,208 Conn. 606, 616, 546 A.2d 250 (1988).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him a judgment as a matter of law. . . ." (Citations and internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). However, if the CT Page 9898 evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of act does exist." (Citations and internal quotation marks omitted.) Hammer v. Lumberman's MutualCasualty Co., supra, 214 Conn. 579. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v.Dickmont Plastics Corp., supra. In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Id.
I. Count one — indemnification
Henderson argues that she was not a party to the contract which is the subject of this cause of action, as she only signed such contract in a representative capacity, as an agent Realtech. Furthermore, Henderson argues that the contract provides that neither Realtech nor its agents are not liable for any injuries suffered by a plaintiff such as Mrs. Pisani. In response, defendants claim that count one properly states a claim for indemnification based on the tort of active/passive negligence rather than on a contract. The defendants argue that Henderson is liable for her own tortious conduct regardless of the terms of the contract. In addition, defendants claim that the contract was a contract of adhesion.
"Indemnity involves a claim for reimbursement in full from one on whom primary liability is claimed to rest. . . ." Kyrtatas v.Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "`Ordinarily, there is no right of indemnity or contribution between joint tort-feasors.'" (Citation omitted.) Ferryman v.Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989); Atkinson v.Berloni, 23 Conn. App. 325, 326, 580 A.2d 84 (1990). "[A] party is entitled to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. Burkert v. PetrolPlus of Naugatuck Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). "`Where . . . [a party] is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury.'" (Citation omitted.)Ferryman v. Groton, supra, 142-43. Under such circumstances, courts have distinguished between `active or primary negligence' CT Page 9899 and `passive or secondary negligence,' and have "permitted recovery even absent a finding of an express or implied agreement as between the two tortfeasors to exercise reasonable care." Id., 143.
To successfully plead active/passive negligence indemnification, a party must allege facts sufficient to prove that: (1) the other party was negligent; (2) the other party's negligence was the direct and primary, immediate cause of the plaintiff's damages; (3) the other party was in exclusive control of the situation; and (4) that the party seeking indemnification neither knew of nor had reason to anticipate the other party's negligence and could reasonably rely upon the other party to act without negligence. Cianbro Corporation v. UnderwaterConstruction Co., Superior Court, Judicial District of New London at New London, Docket No. 523135 (January 14, 1994, Hurley, J.), citing Burkert v. Petrol Plus of Naugatuck, Inc., supra,216 Conn. 74. Additionally, "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship."Atkinson v. Berloni, supra, 23 Conn. App. 328. "`The question of whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is ordinarily one for the trier of fact.'" Doe v. Shop Rite Supermarket, Superior Court, Judicial District of New London at New London, Docket No. 521912 (April 26, 1994, Hurley, J.), quoting Atkinson v. Berloni, supra.
In support of her motion for summary judgment, Henderson simply states that she signed the contract in a representative capacity and therefore bears no legal obligation to plaintiff. Regardless of the contract, she may be liable to defendants if defendants are able to prove the five requirements for active/passive indemnification, and whether these five requirements are present in this case is not clear. Genuine issues of material fact therefore exist with respect to these five requirements and Henderson has not met her burden of proving that she is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment as to count one of defendants' third party complaint is denied.
II. Count two — apportionment
Although it is not specified in the motion itself, Henderson claims in her memorandum in support of summary judgment that CT Page 9900 count two of defendants' complaint, which seeks apportionment, is barred by the two-year statute of limitations found in General Statutes § 52-584. This court has recently addressed "`whether a person against whom a negligence claim is time-barred ought to be made a defendant for the sole purpose of enabling the trier of fact to apportion negligence between and among those who were actually responsible and to avoid attributing to an individual defendant more than his proportionate share of the negligence.'"Bezyk v. Ford, 9 CSCR 425 (March 17, 1994, Lewis, J.). While recognizing the split of authority in the Superior Court regarding this issue, this court concluded that such a claim was permissible, the statute of limitations notwithstanding. See alsoKennedy v. Martinez, 7 Conn. L. Rptr. 354 (September 14, 1992, Rush, J.) (summary judgment denied because a claim for apportionment, not being an "action to recover damages," is not within specific language of § 52-584). Since count two of defendants' third party complaint simply seeks apportionment of damages, the motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of September, 1994.
WILLIAM BURKE LEWIS, JUDGE