[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 198
The plaintiffs, Matthew and Denise Doty, seek to recover damages sustained when they purchased residential property which, unknown to them at the time of purchase, allegedly had a contaminated well water supply and other structural defects. Named as defendants are Peter Siver, the seller of the property, Regina Jones, a person who resided on the property when the well located on the property was allegedly contaminated, and Barbara Ekberg d/b/a Southbury Associates Realtors, Ltd. (Ekberg), the real estate agent for Siver. Also named as defendants are Eagle Home Inspections, Inc., and Bartow Exterminators, Inc., two entities that allegedly inspected the property for the plaintiffs.
The plaintiffs allege that while they were negotiating the purchase of the property, Siver represented to them that the well water was potable and adequate for domestic use; that after purchase, they discovered that the well had been contaminated while the property was owned by Siver when an oil tank on the property was being repaired. The plaintiffs allege, inter alia, that Siver breached the parties' contract of sale, and made both fraudulent and negligent misrepresentations with respect to the well water and the condition of the property.
The plaintiffs also allege that Ekbert knew or should have known of the condition of the well, and of the other defects in the premises, and that Ekberg failed to disclose the existence of these defects, and failed to conduct a reasonable inspection of the premises.
On December 13, 1993, Siver filed a cross-complaint seeking indemnification from Ekberg. In support of this claim, Siver alleges that Ekberg's negligence was the proximate cause of the plaintiff's injuries, and that Ekberg had exclusive control of "the situation." CT Page 9910
On June 13, 1994, Ekberg moved for summary judgment as to Siver's cross-complaint (#198), along with a memorandum of law and the affidavit of Barbara Ekberg, on the ground that Siver fails to allege the existence of an independent legal relationship between himself and Ekberg. Ekberg also alleges that Siver's claim for indemnification is "factually insufficient" because Ekberg was not in control of either the real property or information concerning the condition of the real property that Siver sold to the plaintiffs.
On August 5, 1994, Siver filed a request for leave to amend his cross-complaint and a proposed amended cross-complaint, and later filed a memorandum in opposition to the defendant.
Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105 (1994). The burden is on the movant to show that there is no genuine issue of material fact. Id. In ruling on a motion for summary judgment, the court must view the facts presented in the light most favorable to the non-moving party. Suarez v. DickmontPlastics Corp., supra, 229 Conn. 105.
In support of her motion, Ekberg argues that Siver fails to allege the existence of an independent legal relationship between Siver and herself. An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,412 (1965). The joint tortfeasor seeking indemnification must plead and prove the following: (1) that the other tortfeasor was negligent; (2) that the other tortfeasor's negligence was the direct and primary cause of the injury; (3) that the other tortfeasor was in exclusive control over the situation; and (4) that the party seeking indemnification did not know of the other tortfeasor's negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor to act without negligence. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74 (1990). In addition, "in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based upon an independent legal relationship."Atkinson v. Berloni, 23 Conn. App. 325, 328 (1989). CT Page 9911
Review of Siver's cross-complaint reveals that Siver does not specifically allege the existence of an independent legal relationship between himself and Ekberg. Nevertheless, such a relationship may be implied from the fact that Ekberg was allegedly acting as the real estate agent for Siver at the time that Siver sold the real property to the plaintiffs. The court notes that Siver's proposed amended cross-complaint contains specific allegations of this independent legal relationship, as well as a copy of the contract between Siver and Ekberg. Thus, even in the absence of a specific allegation of an independent legal relationship, there appears to be a genuine issue of material fact as to whether such a relationship between Siver and Ekberg does in fact exist.
Ekberg also argues that she was never in control of Siver's real property or any information about the condition of Siver's real property. Thus, Ekberg claims that she did not have exclusive control of the situation. A genuine issue of material fact exists with respect to the issue of control. The court cannot adopt Ekberg's argument that control of "the situation" in the present case is synonymous with control of the property or control of information about the condition of the property. In the present case, control of "the situation" entails control over the circumstances surrounding the sale of the property to the plaintiffs. Even if Ekberg did not have control over the information about the condition of Siver's property, this does not reflect upon the issue of whether, at the time of the sale of the property to the plaintiffs, Ekberg knew about any of the defects which allegedly existed on Siver's property, and failed to disclose the existence of these defects to the plaintiffs. Accordingly, the court denies Ekberg's motion for summary judgment.
SAMUEL S. FREEDMAN, JUDGE