[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE THIRD PARTY COMPLAINT.
The plaintiff, Lynn Prescott, commenced an action in negligence against Tyrone Rogers, alleging that on or about October 20, 1992, she left items of jewelry with Rogers, at his place of business, Ty Jewelry. The plaintiff alleges that the jewelry was stolen while in Rogers' possession due to his negligence in failing to have adequate security, failing to activate the alarm system and failing to test the working condition of the alarm system.
By third-party complaint Rogers commenced a third-party action against National Guardian Security Services (National Guardian) for indemnification, which in turn filed a motion to strike the third-party complaint.
In accordance with Practice Book § 152 a party may contest the legal sufficiency of a complaint by filing a motion to strike. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . . The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). In determining a motion to strike "`it is of no moment that the plaintiff may not be able to prove CT Page 3859 [his] allegations at trial . . . .' The sole inquiry at this stage is whether the plaintiff's allegations, if proved, state a cause of action." (Citation omitted.) Levine v. Bess and PaulSigel Hebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129,132, 471 A.2d 679 (Super.Ct. 1983).
National Guardian argues that the third-party complaint fails to state a claim for which relief can be granted because Rogers has failed to plead the facts necessary to state a claim for active/passive indemnification. In opposition, Rogers argues that the elements needed to establish a claim of indemnification have been set forth.
"Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily liable . . . . Ordinarily, there is no right of indemnity between joint tortfeasors. . . . Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor." (Citations omitted.) Atkinson v.Berloni, 23 Conn. App. 325, 326, 580 A.2d 84 (1990). If a claim for indemnification is grounded in tort, indemnification is "warranted only upon proof that the injury resulted from the `active or primary negligence' of the party against whom reimbursement is sought." Burkert v. Petro Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990). "In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved: (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence." (Internal quotation marks omitted.) Atkinson v. Berloni, supra, 23 Conn. App. 326-27; see also Burkert v. Petro Plus of Naugatuck, Inc.,
supra, 216 Conn. 74. In addition, "[i]mplicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Atkinson v. Berloni, supra, 23 Conn. App. 326-27.
In the third-party complaint, Rogers alleges that if the plaintiff, Prescott, suffered a loss, it was due to the negligence of National Guardian because it installed, maintained and tested Rogers' alarm system, and therefore, if Rogers is CT Page 3860 liable to the plaintiff, then National Guardian should be required to indemnify him. Rogers has failed to properly plead facts establishing that National Guardian's negligence, rather than that of others, was the direct and immediate cause of the plaintiff's injury; that National Guardian had exclusive control over the situation; and that he did not know of National Guardian's negligence, had no reason to anticipate it and could reasonably have relied on National Guardian to act without negligence. See Atkinson v. Berloni, supra, 23 Conn. App. 326-27. Accordingly, Rogers' objection is overruled, and the motion to strike the third-party complaint is granted.
D'ANDREA, J.