[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT HARTFORD HOSPITAL'S MOTIONTO STRIKE
FACTS
This is an action for personal injuries arising from a Life Star helicopter crash on June 20, 1992, in which the plaintiff, Joy Minichello, an employee of Hartford Hospital was a passenger. The helicopter had departed from Hartford Hospital to provide emergency medical helicopter transportation when the crash occurred in Middletown, Connecticut.
On November 14, 1994, defendants William King, LT. Richard Augeri, Arthur J. Higgins, JR., John Goe, John Doe, and John Foe, all members of the Middletown/Westfield Fire Department filed a revised counterclaim against Hartford CT Page 5419 Hospital, alleging that if they are found liable for the plaintiff's injuries, which they deny, then the damages sustained were the result of, and caused by, the active and primary negligence of Hartford Hospital which administered the Life Star program. These defendants also allege that Hartford Hospital, its agents, servants and/or employees were in control of the situation to their exclusion.
On February 9, 1995, Hartford Hospital, the intervening plaintiff and the defendant on the counterclaim, filed this motion to strike this revised counterclaim claiming that these defendants are barred from bringing a counterclaim by General Statutes § 31-275 et seq. and that the counterclaim fails to state an independent cause of action.
 I.
Hartford Hospital argues that the defendant's counterclaim is barred by Connecticut General Statutes § 31-275
et seq. because the Workmens' Compensation Act provides the exclusive remedy in actions involving an employer and a third party defendant even though Connecticut law permits indemnity by one tortfeasor to another, where one has been shown to be in control of the situation and its negligence is the primary cause of the injury. The Hospital argues that a third party sued by an employee for negligence is not entitled to indemnification from the employer even if the employer's negligence is primary and active.
The named defendants argue that their allegations against Hartford Hospital encompass an independent legal relationship between members of the fire department and the Life Star Program run by Hartford Hospital's agents. Moreover, they argue that Hartford Hospital owed a special duty to the firefighters to provide adequate training and safety procedures to prevent the crash of Life Star and that this breach of the independent legal relationship satisfies the exception to the exclusive remedy provisions of Connecticut General Statutes § 31-284.
 II.
In Connecticut the exclusive remedy for an employee injured in the course of employment is provided by the Workers' Compensation Act. Saporoso v. Aetna Life CasualtyCT Page 5420Co., 221 Conn. 356, 368, 603 A.2d 1160 (1992).
In Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432
(1989), the court stated that:
 [o]rdinarily there is no right of indemnity or contribution between joint tort-feasors . . . Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not of the fault, has no reason to anticipate it and may reasonable rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury . . . Under the circumstances described, we have distinguished between active or primary negligence, and passive or secondary negligence . . . We have permitted recovery even absent a finding of an express or implied agreement as between the two tortfeasors to exercise reasonable care.
Id., 142-43.
In Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84
(1990), the court stated:
 While most Connecticut indemnification cases do not expressly address the requirement of an independent legal relationship between the parties, we have found none allowing a claim for indemnification in the absence of such duty or relationship . . . We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship.
Id., 328.
The dispositive issue in addressing this motion is whether there exists a sufficient independent legal relationship between the firefighters and Hartford Hospital's Life Star Program under which Hartford Hospital owes a duty to them. CT Page 5421
In the counterclaim, it is alleged that an independent legal relationship exists in that: Hartford Hospital through its agents, servants and/or employees (1) set forth the criteria and disseminated its guidelines for participation in the Life Star Program to members of the fire department; (2) held safety courses to educate and train members of the fire department in all aspects of the Life Star program; (3) set forth and disseminated its guidelines for landing zone selection and preparation to members of the fire department (4) set forth and disseminated its communication procedures for coordinating emergency medical helicopter transportation between its pilots and members of the fire department; and (5) encouraged, solicited and/or recruited members of the fire department to participate in its Life Star Program at Hartford Hospital. It appears that these defendants have alleged sufficient facts which, if proven, would establish that an independent legal relationship existed between Hartford Hospital and the firefighters at the time of the accident.
Accordingly, Hartford Hospital's Motion to Strike Counterclaim is denied.
Wagner, J.