[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE MOTIONS TO STRIKE OF THE CROSS-CLAIMANT PLAINTIFF AND THE CROSS-CLAIMANT DEFENDANT
This present cross-complaint arises out of a legal malpractice action filed by Major Machinery Corporation against defendants Grafstein and Associates, of which John Claude Bahrenburg and Joel Grafstein were general partners. The law firm of Green Kleinman, P.C. was also cited as a defendant in this underlying action.
On March 23, 1995, Green Kleinman P.C (hereinafter referred to as the cross-claim plaintiff) filed a cross claim against co-defendants Bahrenburg and Grafstein. In its cross claim the cross-claim plaintiff alleges the following.
Prior to March, 1990, Major Machinery was a client of the cross-claim plaintiff, and in March of 1990, Green Kleinman referred the plaintiff, Major Machinery, to attorneys Bahrenburg and Grafstein to obtain payment on a certain performance bond. In count one of its cross-complaint, the cross-claim plaintiff claims that Bahrenburg Grafstein and the cross-claim defendants breached their agreement by failing to timely commence an action on the performance bond within the statutory time period. The cross-claim plaintiff further claims that as a result, it has been forced to incur fees, costs and expenses, including attorney's fees in defending itself against the claims of the plaintiff in the present case.
In count two the cross-claim plaintiff alleges that if the plaintiff receives a judgment against Green Kleinman, in negligence, then the cross-claim defendants should indemnify the cross-claim plaintiff because any damages suffered by the plaintiff were due to the active or primary negligence of the cross-claim defendants and Bahrenburg Grafstein, rather than the cross-claim plaintiff. The cross-claim plaintiff alleges that it did not know of the cross-claim defendant's negligence and or Bahrenburg Graftstein's [Grafstein's] negligence, had no reason to anticipate it and could reasonably rely on the cross-claim defendants not to be negligent.
On April 11, 1995, the defendants, Joel Grafstein and Grafstein and Associates filed a motion to strike the cross-claim plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted.
On April 13, 1995, the defendant, John Claude Bahrenburg CT Page 5839 filed a motion to strike on the ground that the first count fails to allege a claim for breach of contract and count two fails to allege all the elements of a legally sufficient claim for common law negligence.
On April 27, 1995, the cross-claim plaintiff filed a memorandum in opposition to defendant Bahrenburg's motion to strike and a memorandum in opposition to defendant Grafstein's motion to strike.
"The [purpose] of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, 224 Conn. 210, 214-15, 618 A.2d 25
(1991).
Count One-Breach of Contract
Defendants Grafstein and Grafstein and Associates argue that the cross-claim plaintiff failed to allege that there was a contract between itself and the Grafstein defendants. Additionally, defendant Bahrenburg argues that the cross-claim plaintiff has failed to state a legally sufficient claim for breach of contract.
In response, the cross-claim plaintiff argues that it has alleged sufficient facts to support the existence of an implied contract between it and the Grafstein defendants and between it and defendant Bahrenburg.
"A contract implied in fact, like an express contract, depends on actual agreement." Barry v. Posi-SealInternational, Inc., 36 Conn. App. 1, 5, 647 A.2d 1031 (1994). "A contract implied in fact may be inferred from words, action or conduct." Alpha Crane Service v. Capitol Crane, 6 Conn. App. 60,81, 504 A.2d 1376 (1986). The cross-claim plaintiff alleges in count one that it referred its client, Major Machinery Corporation, to the cross-claim defendants, that the cross-claim defendants agreed that they would adequately and CT Page 5840 appropriately protect the interests of the plaintiff, and that the cross-claim defendants breached their agreement by failing to timely commence the action.
Against this background, this court concludes that the cross-claim plaintiff has alleged sufficient facts to support a cause of action for breach of implied contract. Therefore, defendants Grafstein's and Bahrenburg's motion to strike count one of the cross-claim plaintiff's complaint are denied.
Count Two-Indemnification based upon active/passivenegligence
Defendants Grafstein and Grafstein and Associates argue that count two should be stricken because the cross-claim plaintiff has failed to allege; 1) that there was an independent legal relationship between it and the Grafstein defendants, and 2) that the defendants exercised exclusive control over the situation to the specific exclusion of the cross-claim plaintiff. Moreover, defendant Grafstein argues that the cross-claim plaintiff has failed to allege facts to support the finding of an independent legal relationship between himself and the cross-claim plaintiff.
Defendant Bahrenburg argues that the plaintiff has failed to allege a claim for common law indemnification. Defendant Bahrenburg also argues that the cross-claim plaintiff has failed to allege facts to support the finding of an independent legal relationship between defendant Bahrenburg and the cross-claim plaintiff.
In response, the cross-claim plaintiff argues that it has alleged sufficient facts to satisfy the elements for indemnification based on active/passive negligence. Furthermore, the cross-claim plaintiff argues that the requirement of an independent legal relationship is not applicable to this case, however, if the court determines that an independent legal relationship is required the cross-claim plaintiff argues that the implied contract is sufficient evidence of an independent legal relationship between the parties.
In Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,579 A.2d 26 (1990), the court stated that: CT Page 5841
 [w]e have also consistently held that, if a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the active or primary negligence of the party against whom reimbursement is sought. . . Such proof requires a plaintiff to establish four separate elements: (1) that the other tort feasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Id., 74. Furthermore, in Atkinson v. Berloni, 23 Conn. App. 325
(1990), the court stated that:
 [o]rdinarily, there is no right of indemnity between joint tortfeasors. . . Exceptions to this rule exit, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. . . Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty.
Id., 326-27.
The cross-claim plaintiff alleges in count two that if the plaintiff receives a judgment against Green Kleinman, in negligence, then the cross-claim defendants should indemnify the cross-claim plaintiff because any damages suffered by the plaintiff were due to the active or primary negligence of the cross-claim defendants and Bahrenburg Grafstein rather than the cross-claim plaintiff. The cross-claim plaintiff alleges that it did not know of the cross-claim defendant's negligence and or Bahrenburg Graftstein's [Grafstein's] negligence, had no reason to anticipate it and could reasonably rely on the cross-claim defendants not to be negligent. Finally, the cross-claim plaintiff alleges that an independent legal relationship existed between it and Bahrenburg and Grafstein by virtue of CT Page 5842 the cross-claim plaintiff's referral of the plaintiff and the cross-claim defendants' agreement to protect the interests of the plaintiff in and to its claim on the subject performance bond.
The court finds that the cross-claim plaintiff has alleged sufficient facts to support a cause of action for indemnification. Accordingly, defendant Grafstein's and Bahrenburg's motion to strike the second count of the cross complaint are denied.
Mary R. Hennessey, Judge