[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (#132, 135)
After hearing held on motions of the third-party defendants to strike[1] the third-party complaint, they are hereby Ordered: granted, for the following reasons:
The two counts of the third-party complaint seek recovery from the third-party defendants, CBC Associates (CBC) and V.S.F., Inc., d/b/a Clearview Liquor Shoppe (V.S.F.), on a theory of indemnification. It is the third-party plaintiffs' claim that the third-party defendants, or either of them, are principally liable for the plaintiff's injuries and damages and that the third-party plaintiffs are therefore entitled to indemnification for any money damages, costs, and attorney's fees they are forced to incur as a result of the plaintiff's action.
An implied obligation to indemnify may arise where one tortfeasor is primarily or actively negligent, and the other's negligence is secondary or passive. Kaplan v. Merberg WreckingCorporation, 152 Conn. 405, 412 (1965). A party seeking indemnification from a joint-tortfeasor must prove that at the critical time (1) the other party was negligent; (2) the other party's negligence was the direct and immediate cause of the accident; (3) the other party was in exclusive control of the situation; and (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party not to be negligent.Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74
(1990).
Besides the above elements, the Appellate Court has held that "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Atkinson v. Berloni,23 Conn. App. 325, 328 (1990).
Apart from the third-party defendants' claims that the third-party plaintiffs have failed to allege that the third-party CT Page 8731 defendants had exclusive control and that they (the third-party plaintiffs) did not know or anticipate CBC's or V.S.F.'s negligence, the third-party plaintiffs have failed to plead the kind of independent relationship between the parties thatAtkinson v. Berloni, supra, requires. The relationship between these parties was clearly random and unanticipated, and the allegations of the third-party complaint are insufficient as a matter of law to give rise to a special duty which would permit a claim for indemnity.
Gaffney, J.