[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Before the court is a motion to strike filed by defendants Quint and O'Brien in which they contend that the cross claim of codefendants Grimes and Robinson against them seeking commonlaw indemnification is legally insufficient because it does not plead facts sufficient to set out all of the necessary elements which must exist to give rise to a common law duty to indemnify. The motion is granted because the court agrees that the complaint is insufficient.
The first party plaintiffs bought a special coverage health policy for cancer as the only named disease covered. A year later when the wife was diagnosed with cervical cancer, Durham Life Insurance Company refused to pay the indemnity and attempted a rescission. The plaintiffs sued the various insurance agents involved in securing the Durham Insurance policy. Agents Grimes and Robinson assert in their third party cross complaint against agents Quint and O'Brien that if the plaintiffs suffered any loss, it was due to the negligence of Quint O'Brien.
Where a claim for commonlaw indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Burkert v. Petrol Plus ofNaugatuck Inc., supra, 216 Conn. 65, 74, 579 A.2d 26 (1990). A plaintiff must plead the following elements in order to successfully plead active/passive indemnification: (1) the other tortfeasor was negligent; (2) the other tortfeasor's negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) the other tortfeasor was in control of the situation to the exclusion of the plaintiff; and (4) the plaintiff did not know of the other tortfeasor's negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Burkert v.Petrol Plus of Naugatuck, Inc., supra, 216 Conn. 74. The Appellate Court decision, Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990), required a fifth element to be alleged: CT Page 9322 "that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id., 328.
Grimes and Robinson have not alleged three necessary elements found in Burkert and Atkinson, namely that the other tortfeasor was in control of the situation to the exclusion of the plaintiff; that the plaintiff did not know or could not anticipate that the other tortfeasor was negligent; or that there was an independent relationship between the two parties.
The complaint is struck because of these deficiencies.
FLYNN, J.