[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE #175
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted.) Waters v. Autuori,236 Conn. 820, 825-26, 676 A.2d 357 (1996). A motion to strike "admits all facts well pleaded; it does not admit legal CT Page 6465 conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 365 (1985).
The third party defendant, Rosenfeld Realty Development, Inc. (Rosenfeld Realty), moves to strike the indemnification cross claim of the defendant/third party plaintiff, Stratford Bailing Corporation (Stratford Bailing), on the ground that Stratford Bailing is not entitled to indemnification because no independent legal relationship exists between Stratford Bailing and Rosenfeld Realty as required by Atkinson v. Berloni,23 Conn. App. 325, 327-28, 580 A.2d 84 (1990) ("Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty.") However, the Connecticut Supreme Court has recently held, "that contrary to the holding in Atkinson v.Berloni, supra, 23 Conn. App. 325, a third party plaintiff, outside the context of workers' compensation law, need not establish the existence of an independent legal relationship between itself and the alleged indemnitor as a condition for recovery on the basis of common law indemnification." Skuzinskiv. Bouchard Fuels, Inc., 240 Conn. 694, 701-02, ___ A.2d ___ (1997).
Therefore, since the present action arises outside of the workers' compensation context, the motion to strike is denied.
David Skolnick