[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED AUGUST 13, 1997
Defendant J and J Blasting, Inc. (J and J) moves to strike the first count of a cross-complaint filed against it by defendant Tilcon Connecticut, Inc. (Tilcon) because the cross-complaint fails to state a claim upon which relief may be afforded. Specifically, J and J asserts that Tilcon's cross-complaint lacks factual allegations sufficient to make out a claim of common law indemnification.
The underlying action against these defendants is based on strict liability arising from blasting engaged in by J and J as a subcontractor of Tilcon. Tilcon was a general contractor for a highway reconstruction project along Route 6 in Hampton. Tilcon's cross-complaint alleges that J and J must indemnify it should the plaintiff prevail against Tilcon. A second count of the cross-complaint deals with contractual indemnification which falls outside the scope of this motion to strike.
Ordinarily, there is no right of indemnity between tortfeasors. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 412
(1965). One exception to this rule occurs where a primarily negligent party owes an independent duty to a secondarily negligent party. Atkinson v. Berloni, 23 Conn. App. 325, 326
(1990). In order for the passive tortfeasor to establish liability against the more active App. 325, 326 (1990). In order for the passive tortfeasor to establish liability against the more active tortfeasor the passive tortfeasor must allege and prove that the active tortfeasor's negligence, rather that its own, was the direct and immediate cause of the injury. Id. 326 and 327.
In the present case, the plaintiff never alleged negligence but relied on strict liability against those who engage in the inherently dangerous activity of blasting. Tilcon's cross-complaint is likewise devoid of any allegations of negligence. Instead, that pleading refers to unspecified "dangerous acts" by J and J. Dangerous acts are not necessarily negligent acts. One may intentionally perform a dangerous operation while exercising reasonable care. The cross-complaint fails to supply any facts supporting negligent behavior. For these reasons, the motion to strike the first count of the cross-complaint is granted. CT Page 3168
SFERRAZA, J.