[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action, instituted by the plaintiff, Hidden Lake Association, arises out of a construction project. According to the six-count revised complaint, filed on July 25, 1994, the plaintiff, the owner of the Hidden Lake Dam ("Dam"), entered into two separate contracts regarding the installation CT Page 12456 of a new draw-down pipe for the Dam. Allegedly, a contract for management and inspection services was entered into by the plaintiff and the defendant, Luchs Beckerman ("L B"), while a contract for construction services was entered into by the plaintiff and the defendant, Falvey Construction Corporation ("Falvey").
Subsequently, after an inspection allegedly revealed that the Dam was leaking, unsafe, and unstable, this suit was instituted by the plaintiff against L B, Falvey, and John Luchs, Jr. ("Luchs"). Count one of the plaintiff's revised complaint alleges a negligence claim against L B, while count two alleges a breach of contract claim against L B. Count three alleges claims of negligence, breach of contract, and breach of warranty, respectively, against Falvey. Count six alleges a negligence claim against Luchs.
On August 26, 1994, L B filed an Answer and Cross-Claim to the plaintiff's revised complaint, seeking common law indemnification from Falvey. On September 15, 1994, Falvey filed a Motion to Strike L B's cross-claim, on the ground that it fails to state a claim upon which relief may be granted, as well as a memorandum of law in support thereof. Falvey argues that the cross-claim must be stricken because it seeks common law indemnification from Falvey, but fails to allege the existence of an independent legal relationship between L B and Falvey, despite the fact that such a relationship is a necessary element of common law indemnification. L B has not filed a memorandum of law in opposition to Falvey's motion to strike.[1] Rather, on October 17, 1994, it filed an Amended Cross-Claim, apparently attempting to cure defects perceived in its original cross-claim. On October 28, 1994, Falvey filed an objection to L 
B's amended cross-claim, reiterating its position that L B has failed to allege all requisite elements of a claim for common law indemnification, and challenging the appropriateness of L B's amendment to its cross-claim. The only matter properly before the court at this time is Falvey's motion to strike L B's original cross-claim. L B's amended cross-claim was not filed in accordance with Practice Book § 176. Moreover, Falvey has filed an objection to L 
B's amended cross-claim, requesting oral argument. Accordingly, the court must disregard L B's amended cross-claim in resolving this motion to strike. CT Page 12457
A motion to strike challenges the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
 Practice Book § 152(1) provides that "whenever any party wishes to contest the legal sufficiency of the allegations of any complaint, counterclaim or cross-claim, or any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof."
Zayas v. Laidlaw Transit, 9 CSCR 275, 276 (February 4, 1994, Maiocco, J.), citing Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988).
In ruling upon a motion to strike, the court is limited to the facts alleged in the pleading, Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988); and must construe those facts in the light most favorable to the pleader. Gordon v.Bridgeport Housing Authority, supra, 208 Conn. 170. Indeed, if any facts alleged in the pleading would support a defense or cause of action, the motion to strike must fail. AlarmApplications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541,545, 427 A.2d 822 (1980).
Indemnification is a claim for reimbursement in full from I one on whom primary liability is claimed to rest. Kyrtatas v.Stop Shop. Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). In the absence of a contract to indemnify, one party is entitled to indemnification from another only upon providing that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct. (Emphasis added.) Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990), citingKaplan v. Merberg Wrecking Corp., 152 Conn. 405, 411,207 A.2d 732 (1965).
Where a claim for reimbursement is grounded in tort, reimbursement is warranted only upon proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Burkert v. Petrol Plusof Naugatuck, Inc., supra, 216 Conn. 74. See also Kaplan v.Merberg Wrecking Corp., supra, 152 Conn. 415 (active/passive indemnification is an exception to the general rule that there CT Page 12458 is no right of indemnification among joint tortfeasors).
In order to successfully plead active/passive indemnification, a plaintiff must allege facts sufficient to prove the following:
1. the other tortfeasor was negligent;
 2. the other tortfeasor's negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries;
 3. the other tortfeasor was in control of the situation to the exclusion of the plaintiff; and
 4. the plaintiff did not know of the other tortfeasor's negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
(Citations omitted.) Burkert v. Petrol Plus of Naugatuck,Inc., supra, 216 Conn. 74.
Moreover, in light of a recent appellate court decision,Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84 (1990), a party seeking common law indemnification must now also establish the following fifth element: "that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Id., 328. That is, before a common law right of indemnification will arise, a party must establish that an independent legal relationship, giving rise to a special duty, exists between it and the party against whom reimbursement is sought. Id., 327.
In its original cross-claim, L B fails to allege the existence of an independent legal relationship between L B and Falvey. Accordingly, Falvey's motion to strike L B's original cross-claim is granted.