[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#154)
Third-party defendants Albert Rodriguez and Northwood Construction Company move to strike both counts of the third-party complaint. For the reasons stated below, the motion is granted.
Plaintiff Manuel Pereira initiated this lawsuit by bringing a products liability claim against corporations which leased, sold or CT Page 1180-H manufactured a wood-chipper machine. These corporations are Darien Rental Service Co.; Bandit Industries, Inc.; Performance First, Inc.; and Foremost Fabrications, Inc. He claims he suffered injuries when parts separated from the machine and struck him. Three of the product sellers and manufactures, that is, Bandit Industries, Inc., Performance First, Inc., and Foremost Fabrications, Inc., impleaded Albert Rodriguez and Northwood Construction Company as third-party defendants and filed a two count third-party complaint against them.
Third-party plaintiffs Bandit Industries, Inc., Performance First, Inc., and Foremost Fabrications, Inc., allege in the first count that third-party defendants Albert Rodriguez and Northwood Construction Company were in possession and control of the wood chipper immediately prior to the accident; that, if the machine flew apart, the third-party defendants caused this to happen by starting up the machine without replacing the pin which holds the housing cover closed; that the negligence of the third-party defendants, rather than that of the third-party plaintiffs, was the direct and immediate cause of Manuel Pereira's injuries; and that the third-party plaintiffs did not know of, and had no reason to CT Page 1180-I know of, the third-party defendants' negligence. The second count differs from the first count in that the third-party plaintiffs, after repeating the allegations of the first count, further allege that the third-party defendants are responsible under General Statutes § 52-572o for their proportionate share of any damages awarded to Manuel Pereira consistent with their degree of fault. For relief, the third-party plaintiffs seek indemnification and "an apportionment of liability under Connecticut General Statutes § 52-572o."
With respect to the first count, the third-party defendants claim the count should be stricken on two grounds. First, they claim the first count does not state a claim upon which relief can be granted because it is barred by General Statutes § 52-572r(d). This statute, as it existed at the time of Manuel Pereira's injury[1], provided "[i]n any product liability claim for personal injury arising out of and in the course of employment . . . brought against any third-party, such third-party may not maintain any action for indemnity against any person immune from liability." The third-party defendants assert that they are employers who are immune from liability under the exclusive remedy provision of the CT Page 1180-J Workers' Compensation Act, see General Statutes § 31-284(a), and therefore cannot be sued for indemnity. The third-party plaintiffs correctly respond to this argument by pointing out that the third party defendants are assuming facts which are not in the third party complaint. Since an employment relationship is not mentioned in the third-party complaint, the first ground cannot be a basis for a motion to strike. The court "`cannot be aided by the assumption of facts not therein alleged.'" Liljedahl Bros., Inc.v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The third-party defendants next argue that the first count does not contain sufficient allegations for an indemnification claim. The third-party plaintiffs have alleged the four "Kaplan" elements of an indemnification claim based on tortious conduct. See Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 411,207 A.2d 732 (1965). The Appellate Court, in Atkinson v. Berloni,23 Conn. App. 325, 580 A.2d 84 (1990), added a fifth element to an active/passive claim. "Implicit in indemnification cases is the requirement of an independent legal relationship between the indemnitor and the indemnitee giving rise to a special duty." Id.
at 327. There must be an independent legal relationship between CT Page 1180-K the parties giving rise to a clearly identifiable legal duty owed by the third-party defendants to the third-party plaintiffs. The third-party plaintiffs have not alleged the existence of any relationship between the parties to the third-party complaint. Accordingly, the first count is legally insufficient and must be stricken.
With respect to the second count, the third-party defendants claim the count must be stricken on three grounds: (1) the Product Liability Act; General Statutes §§ 52-240a, 52-240b, 52-572m through52-572r and 52-577a; does not authorize apportionment of liability against a third-party defendant whom the defendant has not sued, (2) the apportionment claim is barred by General Statutes § 52-572r(d) and the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284(a); and (3) apportionment of liability may not be accomplished by bringing a third-party action pursuant to General Statutes § 52-102a. The first ground is sufficient to resolve the motion to strike.
In a products liability action, the trier of the first-party claim is required to apportion liability among the plaintiff and CT Page 1180-L the defendants. Subsection (b) of § 52-572o requires the trier to compare the responsibility of all parties to the action and to make findings as to the percentage of responsibility allocated to each party. Subsection (c) of § 52-572o provides: "[i]n determining the percentage of responsibility, the trier of fact shall consider, on a comparative basis, both the nature and quality of the conduct of the party." Subsection (d) of § 52-572o provides in part: "[t]he judgment shall also specify the proportionate amount of damages allocated against each party liable, according to the percentage of responsibility established for such party." These provisions do not authorize the trier of the first-party claim to include in the apportionment formula a third-party defendant. The apportionment formula is concerned only with those who are parties to the first party claim.
The third-party plaintiffs argue that the second count also includes a claim for contribution which the third-party defendants have not moved to strike. The word contribution is not mentioned in the third-party complaint. The apportionment claim is set forth in paragraph eight of the second count. This paragraph is as follows: CT Page 1180-M
 "If the plaintiff sustained damages alleged in his complaint, the third-party defendants, under Connecticut General statutes § 52-572o
are responsible for their proportionate share of any damages awarded to the plaintiff consistent with their degree of fault."
The pertinent prayer for relief is as follows:
 "2. An apportionment of liability under Connecticut General statutes § 52-572o."
The third-party plaintiffs have not stated an action for contribution.
The motion to strike both counts of the third-party complaint is granted.
THIM, JUDGE