[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural Background
The plaintiff, Joan Monkiewicz, filed a complaint against the defendant, Dorothy A. Peterson, for damages arising out of a motor vehicle accident that occurred on May 2, 1992. The accident involved four cars, and Peterson's car was behind Monkiewicz's car. CT Page 1316-P
On November 28, 1994, the court granted Peterson's motion to implead Albert J. Canaty, the driver of the car behind hers, and Kevin M. Canaty, the owner of the car behind hers. On December 20, 1994, Peterson filed a one count complaint seeking indemnification from the third party defendants (Albert J. and Kevin M. Canaty), alleging that Albert Canaty's negligence, rather than Peterson's negligence, caused the plaintiff's injuries.
On January 20, 1995, the third party defendants filed a motion to strike the third party complaint as legally insufficient, due to a failure to allege that the third party defendant's negligence was the direct and immediate cause of injury, that the third party defendant had exclusive control over the situation or circumstances leading to the injury, or that the third party defendant owed the third party plaintiff a duty based on an independent legal relationship. The third party defendants filed a memorandum in support of their motion to strike.
The third party plaintiff filed an objection to the CT Page 1316-Q motion to strike with a legal memorandum, and the third party defendants filed a response to the objection.
II. Discussion
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210,214-15, 618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Id., 2154. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corp., 152 Conn. 405,412, 207 A.2d 732 (1965). "A party who is secondarily negligent can obtain indemnification from another party whose negligence CT Page 1316-R is primary [or active]." Id., 415. Active/passive indemnification "is an exception to the general rule that there is no right of indemnification among joint tortfeasors."Ferryman v. Groton, supra, 212 Conn. 142-43.
To plead active/passive indemnification, the party must allege facts sufficient to prove:
 (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.
Burkert v. Petrol Plus Naugatuck, Inc., 216 Conn. 65, 74,579 A.2d 26 (1990). In addition, "in order to be entitled to indemnification from a tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party CT Page 1316-S a duty based upon an independent legal relationship. " Atkinsonv. Berloni, 23 Conn. App. 325, 328, 580 A.2d 84 (1989).
The third party plaintiff argues in her memorandum that Atkinson v. Berloni was a poorly decided decision and should be ignored, or, in the alternative, that an independent legal relationship between the parties can be found pursuant to the State of Connecticut Motor Vehicle Laws. While a few trial courts have declined to follow Atkinson v. Berloni, "it is axiomatic that a decision by the Appellate Court is binding upon the Superior Court until overruled." Bascetta v. Droney,5 Conn. L. Rptr. 419, 420 (January 6, 1992, Schaller, J.). Therefore, the court will not ignore Atkinson v. Berloni.
The third party plaintiff's alternate argument must fail because an automobile operator's duty to all other drivers to comply with the motor vehicle statutes does not give rise to an independent legal relationship. See, e.g., Atkinson v.Berloni, supra, 23 Conn. App. 330; Longfellow v. LaneDispatching Warehouse, 7 Conn. L. Rptr. 610 (November 18, 1992, Wagner, J.); Bascetta v. Droney, supra, 5 Conn. L. Rptr. 419. CT Page 1316-T
Because the court finds that the plaintiff has failed to allege an independent legal relationship, the court need not consider the other grounds supporting the motion to strike, and the defendants' motion to strike the third party complaint is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT