[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Travis Davis (Travis), a minor acting through his mother and next friend, Cheryl Davis and Cheryl Davis (Davis) individually, brought this action in negligence against the defendant, Mary Green (Green), alleging that on August 9, 1991, Travis slipped and fell while exiting the front entrance of the defendant's first floor apartment. It is further alleged that, as a result of his fall, Travis sustained injuries due to the dangerous, unsafe and hazardous condition created by the defendant in applying a coating of paint to the surface of the front porch area which made that surface slippery when rained upon.
The defendant filed a third-party complaint against the retail store where she purchased the paint, Grand Paint Store (Grand) and the paint manufacturer, Bruning Paint Company (Bruning) seeking indemnification. The third-party complaint alleges that the paint in question was sold, marketed and advertised by Bruning and sold by Grand only after Green made inquiry as to the type of paint she should apply to the subject porch. The claim of indemnification is based on (1) a theory of active-passive negligence and (2) product CT Page 2126 liability pursuant to General Statutes, § 52-572m.
Bruning filed a motion to strike count two (active-passive negligence) and count four (product liability) on the grounds that Green's claims are legally insufficient as to her theory of indemnification based on active-passive negligence and that, as to count four: (1) § 52-572m does not provide for indemnification; (2) Green is not a claimant under the provisions of § 52-572m; and (3) Green's claim is not a "products liability" claim under the statute.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint." NovametrixMedical Services v. BOC Group, Inc., 224 Conn. 210, 214-215 (1992). It "admits all facts well pleaded . . . . [but] does not, however, admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The trial court's consideration on the motion is "limited to . . . the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140 (1980). Further, the court's consideration must be "limited to the facts alleged in the complaint [which the court] must construe . . . most favorably to the plaintiff." Novmetrix,[Novametrix] supra, at 215. "This includes the facts necessarily implied and fairly provable under the allegations." Westport Bank Trust Co.v. Corcoran, Malin Aresco, 221 Conn. 490, 495 (1992). Bruning's motion to strike count two points to the failure of Green to allege facts in support of two of the elements of the common law theory of active/passive negligence: (1) there is no factual allegation that Bruning was in control of the situation to the exclusion of Green. Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65,74 (1990); and (2) there is no factual allegation of the existence of an independent legal relationship between the Bruning and Green.Atkinson v. Berloni, 23 Conn. App. 325, 328 (1990) (". . . in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship.")
Indemnification involves a claim for reimbursement in full from one who is claimed to be primarily liable. Kaplan v. MerbergWrecking Corporation, 152 Conn. 405, 412 (1965). "Ordinarily, there is no right of indemnification between joint tort-feasors. . . . (Citations omitted.) Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know CT Page 2127 of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury."Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 697-98 (1988).
The Connecticut Supreme Court has long made a careful distinction between "active or primary negligence" and passive or secondary negligence." See Burkert v. Petrol Plus of Naugatuck,Inc., supra, at 74 and Kyrtatas v. Stop Shop, Inc., supra, at 698. The second count of the third-party complaint contains no factual allegations that, if provable, would establish that Bruning was in control of the situation to the exclusion of Green. Nor are there any factual allegations that, if provable, would establish the existence of an independent legal relationship between the two parties. Accordingly, the motion to strike the second count of the third-party complaint is granted.
The fourth count of the third-party complaint clearly is premised upon a "possibility" that Green might be subjected to a judgment against her. § 52-572m(d) defines "harm" to include "damage to property including the product itself, and personal injuries including wrongful death. As between commercial parties, `harm' does not include commercial loss." § 52-572m(c) defines a "claimant" under the statute as "a person asserting a product liability claim for damages incurred by the claimant or one for whom the claimant is acting in a representative capacity." Finally, § 52-572m(b) defines a product liability claim to include "all claims or actions brought for personal injury, death, or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packing or labeling of any product. `Product liability claim' shall include, but is not limited to, all actions based on the following theories: Strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent, misrepresentation or nondisclosure, whether negligent or innocent." See Rodia v. Tesco Corporation, 11 Conn. App. 391,393 (1987).
The third-party plaintiff argues that her action is recognizable under § 52-572m because her potential liability to the plaintiff for monetary damages qualifies as a "harm" suffered by "claimant" under the statutory definitions. That argument cannot serve as a substitute for the allegations of fact and the grounds which necessarily limit the court's consideration of the motion to CT Page 2128 strike. Green merely argues that "[i]f the aforementioned paint was not meant for use on a front porch as alleged by the plaintiff [Davis], the Bruning Paint Company is liable to indemnify the third-party plaintiff pursuant to [§ 52-572m]." The failure to allege facts that would support a claim brought under § 52-572m is critical and the motion to strike the fourth count is granted.
BY THE COURT
Leander C. Gray, Judge