[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By complaint dated February 7, 1992, the defendant, Metro North Commuter Rail Road ("Metro North"), filed a third party action against Seymour Specialty Wire Company ("Specialty Wire") and Carl McMichael, an employee of Specialty Wire. Service of the third party complaint occurred on March 10, 1992 as indicated by the sheriff's return in the court file. The third party plaintiff filed a revised complaint on January 19, 1994. The revised complaint is in two counts, the first of which sets forth a claim for indemnification based on active/passive negligence. The second count of the revised complaint alleges breach of covenants of a deed and also seeks reimbursement and indemnification. CT Page 10231
As alleged in the third party complaint, the underlying action in this matter was initiated on or about December 10, 1991 by the plaintiff, Eugene Piscitelli. The action of the plaintiff was brought pursuant to the Federal Employers Liability Act,45 U.S.C. § 51, et seq., against Metro North and involves claims of negligence arising from a December 16, 1988 incident in which the single car train engineered by Mr. Piscitelli collided with a vehicle allegedly owned by the third party defendant, Specialty Wire, and operated by the third party defendant, Mr. McMichael.
On July 26, 1995, the third party plaintiff requested leave of the court to file a motion for summary judgment because this case is exposed for trial the week of September 5, 1995. Permission was granted.
The third party plaintiff seeks summary judgment on the entire third party complaint on the ground that there exists no general issue of material fact as to whether it is entitled to indemnification from the third party defendants. Although both counts of the complaint seek reimbursement and indemnification, and the third party plaintiff seeks summary judgment on the "Revised Complaint," only the first count is based on the common law theory of active passive/negligence and that is the only theory briefed by the third party plaintiff. Therefore, the motion for summary judgment is considered a partial motion for summary judgment as to the first count only.
As required by Practice Book § 204, the third party plaintiff has filed a memorandum in support of its motion for summary judgment. In accordance with Practice Book § 380, the third party plaintiff has also filed documents in support of its motion including three land deeds, two uncertified deposition transcripts, an affidavit of Jack Reidy (assistant director of Rail Operations for the State of Connecticut) and a police report. The third party defendants did not file a memorandum in opposition.
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988). "[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment CT Page 10232 as a matter of law.'" Suarez v. Dickmont Plastics Corp. ,229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384.
The moving party "has the burden of showing the absence of any genuine issue as to all material facts which, under the applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted) Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The test is whether a party would be entitled to a directed verdict on the same facts." Id., 105-06.
The third party plaintiff argues in its memorandum in support of its motion for summary judgment that it is entitled to indemnification from the third party defendants under common law active/passive negligence principles. The movant has not met its burden of demonstrating the absence of a genuine issue of material fact and the motion for summary judgment is therfore [therefore] denied.
"Indemnity involves a claim for reimbursements in full from one who is claimed to be primarily liable . . . Ordinarily, there is no right of indemnity between joint tortfeasors. . . . Exceptions to this general rule exist, however, where the primarily liable tortfeasor owes an independent legal duty to the secondarily liable tortfeasor. . . . In order to establish that a party was primarily negligent and, thus, liable to indemnify a secondarily negligent tortfeasor the following essential elements must be proved: (1) the party must have been negligent; (2) its negligence rather than another's was the direct and immediate cause of the injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied upon the charged party to act without negligence." (Citations omitted; internal quotations omitted.). Atkinson v. Berloni, 23 Conn. App. 325; 326-27, 580 A.2d 84 (1990). In addition, "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. Id., 328. CT Page 10233
The third party plaintiff argues that "the Seymour Specialty Wire Company was negligent." In addition, the third party plaintiff expressly denies negligence and argues that even if it were negligent, it was secondarily negligent and Specialty Wire was primarily negligent. In support of these arguments, the third party plaintiff filed uncertified copies of the deposition transcripts of Eugene Logan, Safety Director of Seymour Specialty Wire Company, co-defendant Carl McMichael, and a police report.
The deposition testimony reveals that in response to the question of whether the private grade crossing where the accident occurred was equipped with locked gates, safety signal or signs and a "tender-on-foot," Mr. Logan responded in the negative. When asked if Specialty Wire knew the crossing intersected a live track, Mr. Logan said yes. In response to the question of whether Specialty Wire inquired as to Metro North's train schedule, Mr. Logan said no. In response to the question of whether it was his understanding that Specialty Wire controlled the movement of vehicles across the tracks to the exclusion of the world, Mr. Logan said yes.
During his deposition, Mr. McMichael testified that he was assigned to remove snow from the road intersecting the private grade crossing when the vehicle he was driving became stuck on the ice and snow. The blade on the snow plow was over the first rail of the crossing when Mr. McMichael thought he saw something but was blinded by the sun light and could not ascertain if it was a train. When asked whether anyone was assigned to go with him when he was crossing the tracks, Mr. McMichael said no. He also responded in the negative when asked whether there were any audible warning signals at the grade crossing.
"If evidence is inadmissible at trial, it is insufficient to support a motion for summary judgment. . . . Whether to admit deposition testimony into evidence is within the discretion of the trial court. Farrell v. St. Vincent's Hospital, 203 Conn. 554,564-65, 525 A.2d 954 (1987)." (Citations omitted.) Oberdickv. Allendale Mutual Insurance Co., Superior Court, judicial district of New Haven, Docket Nos. 283004 and 28279 (9 Conn. L. Rptr. 607, 608, August 25, 1993, Celotto, J.) (court refused to consider the deposition testimony provided by the parties on motion for summary judgment and stated that "[u]ncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380."). CT Page 10234
"The primary purpose of a deposition . . . is discovery. . . . A response to a question propounded in a deposition is not a judicial admission. . . . At trial, in open court, the testimony of [the deponent] may contradict her earlier statement and a question for the jury may then emerge." (Citations omitted.) Esposito v. Wethered, 4 Conn. App. 641, 645,496 A.2d 222 (1985).
The third party plaintiff's motion for summary judgment is supported almost entirely by uncertified deposition testimony. As such, this court does not consider the deposition transcripts in evaluating this motion for summary judgment. See, e.g., Oberdickv. Allendale Mutual Insurance Co., supra, 9 Conn. L. Rptr. 609.
The third party plaintiff also submitted an uncertified copy of a police report in support of its motion. The statements contained in this report, except for those statements based on the officer's personal knowledge, are hearsay. "They could not, therefore, [be] relied upon to support the motion for summary judgment." Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582
(1984), citing to Practice Book § 381. The third party plaintiff references the police report in its entirety to support the proposition that "Metro North had no way to anticipate that Seymour Specialty Wire Company would permit an employee to operate a vehicle on the crossing." The report contains statements of witnesses, and not only the personal observations of the reporting officer. In addition, the third party plaintiff did not specify the portion of the report relied upon to support it's claim that the third party defendants were primarily negligent. The report cannot be relied upon by the court in considering the motion for summary judgment.
In addition, it is further noted that "[t]he issues of whether a party is primarily negligent and thereby liable for indemnification as well as the issue of control are questions of fact. . . . Generally, the determination of whether an act is negligent is a matter for the jury; . . . as is the question of exclusive control . . . A party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact. Accordingly, the question of whether a party is primarily negligent and thereby precluded from indemnification from another tortfeasor is ordinarily one for the trier of fact . . ." (Citations omitted; internal quotations omitted). King v. State, Superior Court, judicial district of CT Page 10235 Fairfield at Bridgeport, Docket Nos. 287324 and 287123 (13 Conn. L. Rptr. 321, 322, January 26, 1995, Rush, J.).
"Summary judgment procedure is especially ill-adapted to negligence cases, where, . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. The conclusion of negligence is necessarily one of fact. . . . Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted; internal quotation marks omitted.) Spencer v. Good Earth RestaurantCorporation, 164 Conn. 194, 198-99, 319 A.2d 403 (1972). Negligence is a key factor in establishing whether an indemnitor is liable to an indemnitee. As stated above, the motion for summary judgment must be denied because the issue of negligence, and inherently indemnification, presents a genuine issue of material fact and should be submitted to the trier.
In conclusion, the third party plaintiff's motion for summary judgment as to the first count of the revised complaint is denied. Because the documentation filed to support the motion for summary judgment is insufficient on the critical issue of negligence, the movant has not met its burden of demonstrating the absence of a genuine issue of material fact and the motion for summary judgment is denied. Because the determination of common law indemnification requires a finding of negligence, and such a finding involves a question of fact, the motion is denied.
Howard F. Zoarski, Judge